**SILVERMAN v. UNITED STATES.**

**No. 14818.**

United States Court of Appeals, Fifth Circuit.

June 9, 1954.

Pierre Howard, Howard, Howard, Slaton & Holt, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., J. Ellis Mundy, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

Appellant was found guilty by a jury on an indictment charging him with using the mails to accomplish a scheme to defraud, in violation of Sections 1341 and 1342 of Title 18 of the United States Code, and from the judgment entered upon the verdict he appeals to this court.

Necessary elements of the offenses are as follows: (1) intention to defraud, and (2) execution of the intention by use of the mails. The scheme need not be fraudulent upon its face, and need not misrepresent any fact, because all that is necessary is that it be a scheme reasonably calculated to deceive persons of ordinary prudence and comprehension, and that the mail service of the United States be used in the execution of the scheme. The intention to defraud is shown by the scheme, which consisted of mailing solicitation forms to advertisers and subscribers of the classified direc-

tory of the Southern Bell Telephone and Telegraph Company at such time and under such circumstances as to mislead the recipients into thinking that it was a statement or bill from the telephone company for the payment of previously published listings in the company's classified directory, and which, in fact, induced some 350 recipients to respond with payments to appellant of a sum totaling $7,000.

The indictment contains fifteen counts, each of which, from 2 to 15, realleges all of the facts stated in the first count except those contained in the last paragraph thereof. The scheme and artifice, charged in paragraph one of the first count, was to defraud a large number of designated persons and business firms whose names were listed in the yellow section of the telephone directory published for the Atlanta, Georgia, area by the Southern Bell Telephone and Telegraph Company. The scheme was to solicit money from such persons by printed slips, similar to statements of said telephone company, with the intention of deceiving said persons and causing them to remit money to the defendant by mail under the misapprehension that they were paying for renewals of previously published listings and advertisements in the classified directory of said company. Paragraph two of each count alleges specific acts committed by the defendant for the purpose of executing the aforesaid scheme and artifice, and causing the United States mail facilities to be used. No objection was interposed to the indictment and, a plea of not guilty thereto having been entered by the defendant, a jury trial on the merits was had as above stated.

The evidence before the jury was to the effect that, in the further execution of the scheme, operating under the names of Atlanta Classified Directory and Atlanta Classified Business Directory, appellant prepared and mailed some 30,000 solicitations for listings in a proposed classified business directory to individuals and business firms located in Atlanta. All of the addressees were subscribers to and advertisers in the Classified Section of the Atlanta Telephone Directory, which is printed on yellow paper, bound with the regular telephone directory, and published by the Southern Bell Telephone and Telegraph Company.

He also posted clippings from the yellow pages of said directory on his solicitation forms, used the same business classification headings that appeared in the classified section of the telephone company's directory, and mailed said forms as above stated. The indictment charged that the use of the printed slips in the similitude of statements used by the Southern Bell Telephone and Telegraph Company purported to signify to the recipients that it was a statement for account of previously published listings. Three hundred and fifty responses were mailed to appellant, which were intercepted by the post office department because of suspected fraud. A substantial number of the responses contained remittances, which totaled $7,000.

Seven witnesses, who had each received one of the forms and mailed a check in response thereto, testified that the impression made upon their minds by reading the form was that it was a statement from the telephone company. Further testimony revealed that the appellant did not have a permanent office in Atlanta, but had secured the use of a mailing-service company, to which the responses were sent. Although the appellant, in registering to do business in Georgia, gave the address of the mailing company as his residence, evidence was introduced at the trial showing that it was not his residence. He testified that he, in good faith, was in the process of compiling and publishing a new classified directory, and denied that he intended to defraud or deceive anyone. In support of these assertions, he introduced evidence tending to show that he had made some arrangements for the publication of a directory, although no contract had been made; that he had registered to do business in Atlanta; that he had rented an office in Atlanta; and that if the notices or forms had been read by the address-

ees, it is apparent that no one would have been deceived. All testimony tending to show good faith on the part of the appellant was admitted in evidence, and the court was very careful to charge the jury upon the subject of good faith.

 On appeal, the appellant assails the verdict of the jury as being contrary to the weight of the evidence, and contends that the evidence was insufficient to support such a verdict. We think that the questions of good faith and intent were peculiarly for the jury, and that there was sufficient evidence to support the verdict. The court was eminently fair in its charge; it gave heed to all objections made by the appellant, and recharged the jury according to instructions requested by appellant. No objection was made or exception taken by the appellant to the court's final charge to the jury.

The appellant maintains that the court committed error by refusing to grant him a directed verdict, because the evidence showed that he did not make any false statements in the forms that he mailed, and that his acts did not, as a matter of law, show any intent or scheme to defraud. The solicitation form, if closely read, does disclose that the proposed publication was new and not connected with any other directory or with the Atlanta Telephone Company; but the law is well settled that, if a scheme is devised with the intent to defraud, and the mails are used in executing the scheme, the fact that there is no misrepresentation of a single existing fact makes no difference. It is only necessary to prove that it is a scheme reasonably calculated to deceive persons of ordinary prudence and comprehension, and that the mail service of the United States was used and intended to be used in the execution of the scheme. Durland v. U. S., 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; Fournier v. U. S., 7 Cir., 58 F.2d 3; Harrison v. U. S., 6 Cir., 200 F. 662; Oesting v. U. S., 9 Cir., 234 F. 304; Kaufmann v. U. S., 3 Cir., 282 F. 776.

Whether the acts of appellant showed beyond every reasonable doubt a scheme and intent to defraud as charged in the indictment was a question for the jury; and we think that we would not be justified in disturbing the verdict of the jury. It was proper to introduce the testimony of the recipients of the solicitation as to the effect the solicitation had on their minds; and their act in responding to this solicitation demonstrates the fraudulent impression that it created in their minds. Accordingly, the judgment appealed from is affirmed.

Affirmed.