Paul L. TEMPLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20307.

United States Court of Appeals
Fifth Circuit.

April 20, 1964.

Rehearing Denied May 28, 1964.

Myer H. Gladstone, Chicago, Ill., James W. Dorsey, Atlanta, Ga., for appellant.

Edgar L. Jenkins, Allen L. Chancey, Jr., Asst. U. S. Attys., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before MARIS,* GEWIN and BELL, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of conviction entered on a jury verdict of guilty under six counts of a fourteen count indictment charging use of the mails to defraud. 18 U.S.C.A. § 1341. The defense offered was based in the main on the contention of good faith in effecting a substantial business transaction involving the acquisition of control of an insurance company through stock purchases from the majority stockholders with funds of the insurance company. The stock of the minority stockholders was not acquired; if indeed they even knew of the transaction. The *modus operandi* was the representation of a merger with another insurance company, and the letters forming the basis of the charge, i. e., the mailing, were sent to the minority stockholders in connection with the purported merger. The promise of merger, although premised largely on hope, was not completely without substance. In the meantime the depletion of the treasury of the insurance company, to the substantial benefit of appellant, was discovered, and the transaction halted. Two business associates of appellant indicted along with him, were tried with him, and acquitted. All three were indicted as principals and also as aiding and abetting each other.

Appellant has retained new counsel for this appeal, and we are asked to invoke the plain error rule in several respects; no objection having been made to the admission of certain evidence or to the argument thereon, or to the jury charge in four particulars. Moreover, there was no objection to a ruling on the procedure to be followed by the lawyers for the defense, each defendant being represented by his or her own lawyer, with respect to their cross-examination of witnesses. See Rule 52(b), F.R.Crim.P., on the right of the courts to notice plain errors, and also Sullivan v. United States, 5 Cir., 1963, 317 F.2d 101; and Rogers v. United States, 5 Cir., 1962, 304 F.2d 520.

██ The evidence said to have been improperly admitted, other than the letters to stockholders which formed the basis of the use of the mails, went directly to the question of intent and it follows that it was admissible and that the argument thereon was not improper. Cf. United States v. Crosby, 2 Cir., 1961, 294 F.2d 928. With respect to the letters which were mailed to stockholders in connection with the proposed merger, it is urged that they are legally insufficient on the theory that they were not mailed for the purpose of executing the scheme charged in the indictment. The evidence is more than ample to support the jury verdict resting on the inference to the contrary.

█ The charge has been carefully considered, and taken as a whole it was proper, adjusted to the evidence, and legally correct. The assignments of error based on the charge are without merit, over and above the fact that no objections were lodged to those portions of it now asserted as error. Rule 30, F.R. Crim.P.

█ The trial court suggested that the cross-examination in chief be con-

---

* Of the Third Circuit, sitting by designation.

ducted by one of the three lawyers for the defense, with the other two having the right to ask such special questions as might relate to his client. There was no objection to this procedure. All counsel seemed to have been well satisfied with it. It was a matter within the discretion of the court and there was clearly no abuse of that discretion. Thus it is that we do not reach any question of plain error for there is no error at all in any of these contentions.

The further contention that appellant was denied the assistance of counsel as afforded by the Sixth Amendment has also been considered. We are satisfied from a perusal of the record that appellant's trial counsel satisfied the requirement of that Amendment in full measure. Popeko v. United States, 5 Cir., 1961, 294 F.2d 168, cert. den., 374 U.S. 835, 83 S.Ct. 1883, 10 L.Ed.2d 1056.

The errors assigned being without merit, and it not otherwise appearing that appellant was deprived of a fair trial, the judgment of conviction should be, and it is affirmed.