**Harold Franklin SMITH and Aubrey Lee Crumley, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 22157.**

United States Court of Appeals Fifth Circuit.

Feb. 3, 1966.

Robert B. Thompson, Gainesville, Ga., for appellants.

Gary B. Blasingame, Asst. U. S. Atty., Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Edward A. Davis, Asst. U. S. Atty., Herbert C. Swigert, Attorney, Internal Revenue Service, of counsel on brief, for appellee.

Before BROWN and COLEMAN, Circuit Judges, and GARZA, District Judge.

PER CURIAM:

Appellants were two of six defendants charged in a seven-count indictment with illicit liquor operations. Appellant Smith was convicted on all seven counts, and Appellant Crumley, who was charged in Counts 2 through 7, was convicted on Counts 2, 3, 4, 6 and 7.

Appellants complain of the action of the District Court in overruling their motions for judgment of acquittal because of the absence of substantial evidence to support the jury's verdict. Appellant Crumley further asserts as error a part of the Court's charge on aiding and abetting.

Smith was arrested when a rather large unregistered distillery in Clark County, Georgia, was raided by Internal Revenue agents, after he had been observed working at the still. A box of his clothes was also found in the barn housing the still. Smith testified that he was merely looking over the operation in order to determine whether he would agree to work there, and admitted three prior convictions for violation of Internal Revenue laws relating to non-tax-paid whiskey.

Appellant Crumley was identified as the man who purchased the license plate later found on a truck involved in the operation. He was arrested on a road near the still after he drove a car which contained sugar and bran remnants and fruit jar labels toward the still location, then suddenly backed the car rapidly down the road when he saw the agent's car. His car became stuck in a ditch and he attempted to flee.

Crumley urges that the statutory presumptions of 26 U.S.C. 5601(b)(1) and (2) cannot be applied to uphold his conviction since he was never present at the still site.[1] However, the District Court did not give the jury here any instructions as to such presumptions, but merely charged that the presence of a defendant at a still, if so found, is a circumstance to be considered along with all the other testimony in the case. Since this record shows that there was substantial evidence upon which the jury could find both Appellants guilty of the respec-

---

[1] The Supreme Court has upheld the validity of the presumption in Section 5601 (b) (2), United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), and has invalidated the presumption in Section 5601(b) (1) in United States v. Romano, 86 S.Ct. 279 (Nov. 22, 1965.)

**914**

tive counts upon which they were convicted beyond a reasonable doubt, the District Court was clearly correct in overruling their motions for judgment of acquittal.

The excerpt from the Court's charge assigned as error by Crumley instructed the jury that one "may be considered as having aided and abetted the commission of the crime if what he did made and tended to cause its commission." However, considering the instruction to the jury as a whole, it is apparent that the Court charged fully and correctly that the participation must be knowingly, purposely, intentionally and willfully done, and the jury could not have been confused by these instructions. There was substantial evidence to support these convictions, and no prejudicial harm resulted from the Court's charge.

Affirmed.