John P. SHALE, d/b/a J & C Company,
Inc., d/b/a Southern Home Properties,
Inc., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24264.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1968.

Rehearing Denied April 2, 1968.

Thomas A. Larkin, Larkin, Decker & Elliott, Jacksonville, Fla., for appellant.

William J. Hamilton, Jr., Sp. Asst. to U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellant was tried and convicted by a jury under nine counts of violating the mail fraud statute, 18 U.S.C.A. § 1341.[1] Each count involves the purchase, induced by fraudulent representations, of certain mortgaged homes, using the United States mail to convey the necessary papers and forms from appellant to prospective sellers.

Generally, the sellers were persons being transferred out of the Jacksonville, Florida area for military or business reasons. They placed advertisements in the local papers offering to sell their homes for little or no equity. Most of the advertisements included a statement to the effect that the purchaser must assume the mortgage payments. The seller was contacted by appellant, either by telephone or in person, and was asked about the details of the mortgage-amount, interest rate, monthly payments, etc. Appellant variously represented that he was "interested in buying it; and that he would do this on the basis of taking over my mortgage;" that he would pay any past due mortgage payments; that "he would buy it and assume the payments on it;" that his wife and children were with him but he had to return to Miami because his furniture was there; that if his wife liked the house he would move in; that "he wanted a house that he could assume payments on * * * was being transferred to the Jacksonville area;" and that "his wife had just fallen in love with the house and had to have it."

After appellant persuaded the home owner to sell to him, he mailed a warranty deed, a deposit receipt, a set of instructions and other papers to the seller. These papers stated that the purchase price was "one dollar plus the unpaid balance on the present first mortgage." However, it was also stated that the house was taken "subject to" the mortgage. The seller thereupon signed the deed and mailed it in an envelope provided by appellant to the appropriate office to be recorded. Several months later the sellers began to receive letters from their mortgage companies threatening foreclosure because the mortgage payments had not been made. Those who contacted appellant about this were assured that the payments would be made; that he had simply forgotten; and that there was nothing to worry about. However, appellant never moved into any of the houses but rented them to others, and never made any mortgage payments. Each of the houses eventually went into foreclosure.

---

1. Section 1341 reads, in pertinent part:
   Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department * * * shall be fined not more than $1,000 or imprisoned not more than five years, or both.

Appellant urges us to reverse his conviction on three principal grounds, i. e., the erroneous rulings of the trial judge that certain evidence proffered by appellant was inadmissible; that the government's evidence was so insubstantial that appellant's motion for acquittal should have been granted; and that the parol evidence rule was violated by permitting the recipients of the mailed material to testify as to the effect of the solicitation. Finding that no error was committed we affirm.

Appellant's contention that the court prevented him from presenting a defense of good faith by sustaining objections made by the government is untenable. These objections were interposed when the appellant insisted on rambling unresponsive answers to questions propounded to him or when he attempted to inject irrelevant and inflammatory statements concerning the Veterans Administration and Federal Housing Administration policies. An essential element of the offense for which appellant was convicted was the false and fraudulent representation made through the use of the mail to defraud the sellers. Evidence concerning the policies of governmental agencies, the failure of state courts to award deficiency decrees in foreclosure suits, or the depressed state of the real estate market were wholly irrelevant matters. There was no abuse of the wide discretion given the trial judge to determine what evidence is material and relevant. Holt v. United States, 5 Cir. 1965, 342 F.2d 163.

Appellant next urges that even when viewed in the light most favorable to the government the evidence to support the conviction was so insubstantial that the trial court erred in refusing to grant his motion for acquittal. The argument here goes only to the element of intent. Appellant urges that his motion should have been granted because he not only sought legal advice, cooperated with the Postal Inspector and believed that no financial harm would come to the sellers, but also because the government requested that he be examined by a psychiatrist.

Whether there is an intent to defraud is a matter for jury determination. United States v. Lichota, 6 Cir. 1965, 351 F.2d 81, 89–90; Silverman v. United States, 5 Cir. 1954, 213 F.2d 405, 407, cert. denied 348 U.S. 828, 75 S.Ct. 46, 99 L.Ed. 653. That appellant sought the advice of an attorney was a fact to be considered by the jury in determining intent, but it provides no automatic defense.[2] United States v. Painter, 4 Cir. 1963, 314 F.2d 939, 943; Linden v. United States, 4 Cir. 1958, 254 F.2d 560, 568. It was within the jury's province to reject appellant's "cooperation" with postal authorities as evidence of good faith. His cooperation clearly fell short of candor concerning the representations he made to prospective sellers. The purpose of a psychiatric examination under 18 U.S. C.A. § 4244 is not to establish intent or lack of it, but only to establish competency *vel non* to stand trial. Appellant's stated belief that no financial harm would come to any seller because of foreclosure was but one more fact to be considered by the jury. The government is not required to prove that anyone was actually defrauded or that anyone sustained a loss. Farrell v. United States, 9 Cir. 1963, 321 F.2d 409, 419.

Appellant finally complains that the court permitted evidence to be introduced in derogation of the written contract. Testimony concerning the reasons why a witness was mislead and what he thought the written instrument meant is proper evidence in a prosecution for mail fraud. Linden v. United States, supra. "The testimony as to 'why' the purchasers bought the machines was properly admitted * * *." United States v. Baren, 2 Cir. 1962, 305 F.2d 527, 534. "It was proper to introduce

---

2. The case of Williamson v. United States, 1907, 207 U.S. 425, 28 S.Ct. 163, 52 L. Ed. 278, relied upon by appellant, is inapposite. In Williamson the Court spoke in terms of reliance on advice given after a full and complete disclosure. Here the record affirmatively shows the oral statements, which are part and parcel of the scheme were never discussed with the attorney.

the testimony of the recipients of the solicitation as to the effect the solicitation had on their minds; and their act in responding to this solicitation demonstrates the fraudulent impression that it created in their minds." Silverman v. United States, supra, 213 F.2d at 407. "The parol evidence rule is binding only between those persons who are parties to the contract or their privies, and does not apply in this case where the controversy is between the government and a party to the contract." Gibson v. United States, 1959, 106 U.S.App.D.C. 10, 268 F.2d 586, 589.

Affirmed.