Gene **HICKMAN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25460.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1969.

Certiorari Denied April 7, 1969.
See 89 S.Ct. 1309.

Joseph H. Davis, Macon, Ga., for appellant.

Manley F. Brown, D. L. Rampey, Jr., Asst. U. S. Attys., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before WISDOM and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Appellant, convicted on each count of a three-count indictment charging him, in each count, with mail fraud (18 U.S.C. § 1341) in connection with the sale of hairpieces, contends upon this appeal errors of a substantial nature in that:

(1) The trial court abused its discretion in refusing to grant appellant's motion for a bill of particulars;

(2) The evidence was insufficient to sustain a conviction upon either count; and

(3) The trial judge erred in analogizing the scheme alleged to that of a state charge of cheating and swindling, and also in emphasizing to the jury certain evidence and transactions which it could consider.

The counts were similar except as to the dates of the offenses; each charged basically that appellant, representing that he was doing business as Taylor Topper, had devised a scheme to defraud by inducing persons to order and pay for hairpieces which appellant knew would not be manufactured or delivered.

As to the bill of particulars point, appellant seems to complain that the Government used two witnesses who were not named in the indictment and that the failure and refusal of the trial

court to require the Government to disclose the names of all its witnesses and to disclose all overt transactions upon which the prosecution was based was substantial error. Each count of the indictment charged with particularity the scheme to defraud, including names and dates. The purpose of a bill of particulars is to inform defendant and defense counsel of the facts constituting the offenses charged so that they may be fairly informed, prepare defenses and perfect the record so as to bar subsequent prosecution. Braden v. United States, 272 F. 2d 653 (5th Cir. 1960). Such motions are directed to the discretion of the trial judge. Leary v. United States, 383 F.2d 851 (5th Cir. 1967); Joseph v. United States, 343 F.2d 755 (5th Cir. 1965), cert. denied 382 U.S. 828, 86 S.Ct. 65, 15 L.Ed.2d 73. Here, the record discloses that appellant was fairly apprised of the Government's theories and the particulars upon which each charge was based. He was entitled to no more.

■ On the question as to the sufficiency of the evidence, a careful review of the evidence offered by the Government in support of each count reflects that the schemes existed, were fraudulent or "reasonably calculated to deceive persons of ordinary prudence and comprehension, and that the mail service of the United States" was used in the execution of the schemes. Silverman v. United States, 213 F.2d 405 (5th Cir. 1954), cert. denied 348 U.S. 828, 75 S.Ct. 46, 99 L.Ed. 653. The evidence on these questions was for consideration and determination by the jury and not for the court through the use of judgment for acquittal. Certainly the evidence, when considered as a whole and in a light most favorable to the Government, was more than sufficient to sustain the conviction. Downing v. United States, 348 F.2d 594 (5th Cir. 1965), cert. denied 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155.

■ Appellant's complaints as to the court's charge are based upon isolated statements lifted from the charge as a whole. Such statements, the repetition of which will serve no purpose here, must be assessed in the light of the complete charge and in the context as made. Smith v. United States, 355 F.2d 912 (5th Cir. 1966), reh. denied 358 F.2d 695, cert. denied 384 U.S. 1001, 86 S.Ct. 1922, 16 L. Ed.2d 1014; Beck v. United States, 317 F.2d 865 (5th Cir. 1963), cert. denied 375 U.S. 972, 84 S.Ct. 480, 11 L.Ed.2d 419; Temple v. United States, 330 F.2d 724 (5th Cir. 1964), cert. denied 379 U.S. 831, 85 S.Ct. 61, 13 L.Ed.2d 39. The isolated statements, when considered with the charge in its entirety, were not misleading or confusing. The ultimate resolution of the critical issues was left to the jury, with adequate instructions as to the applicable law and without substantially prejudicial comment.

We do not find any prejudicial error in this record; the appellant received a fair trial, and the conviction on each count is affirmed.