**John P. SHALE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 28147

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Nov. 14, 1969.

John Paul Howard, Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Middle District of Florida, Allan P. Clark, Asst. U. S. Atty., Middle District of Florida, for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The appellant was convicted on nine counts of mail fraud, 18 U.S.C. § 1341. His conviction was affirmed by this court.[1] The Supreme Court denied certiorari.[2] He filed a motion to vacate under 22 U.S.C. § 2255, which was denied after an evidentiary hearing.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526.

■ Appellant claims that his trial was constitutionally defective because at the commencement of the trial in Jacksonville, Florida, on the hearing of a motion to quash a subpoena duces tecum addressed to appellant, the Assistant United States Attorney stated to the court that the subpoena had been served. Long afterwards, after the Supreme Court had denied certiorari, new counsel for appellant discovered that the subpoena had not been served. What had been served on appellant in Miami shortly before the trial was an unofficial "ticket," similar in form to a subpoena, prepared by the United States Marshal in Miami on the basis of telephoned information. The "ticket" is in widespread use by the district courts. When a subpoena is issued late and must be mailed elsewhere to be served, the unofficial "ticket," filled out on the basis of telephoned information and served on the potential witness, gives him advance but

---

1. Shale v. United States, 388 F.2d 616 (5th Cir. 1968).

2. Shale v. United States, 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed. 445 (1969).

unofficial notice of what is expected of him. He is served with the actual subpoena when it arrives.

In this instance the subpoena was mailed to the marshal at Miami, was never served, and long after the trial was returned to the United States Attorney where it remained in the case file.

The appellant's charges that the prosecutor fraudulently, deceitfully and by deliberate falsehood represented to the court that a subpoena had been served are unsupported and reckless. The inquiries of the court were directed to whether there had been service, not to the form of the document that had been served. No objections had been made to the form of the document. The grounds for the motion to quash were that the subpoena was a fishing expedition and violated the Fifth Amendment, neither of which had merit. It is plain that when the colloquy occurred between the court and counsel all concerned understood that appellant had been served with a paper by the marshal, and all assumed that the document was a subpoena and that because of late issuance it had not been returned to the court with the marshal's endorsement showing service. Appellant's trial counsel himself represented to the court that appellant had been served with a subpoena "within the last couple of days."

The misunderstanding was without injury. The documents sought were corporate records of a family corporation of which appellant was custodian. Appellant had the records with him, and if the misunderstanding had come to light the government could instanter have had a copy of the subpoena duces tecum served on appellant in the courtroom and then the government could have made the same use of the documents which in fact it did make.

The contention that during illness of the judge who presided over appellant's trial, the § 2255 motion could not be heard by another judge of the same district court is frivolous.

Affirmed.