**UNITED STATES of America, Plaintiff,**

v.

**NATIONAL MARKETING, INC., a Minnesota corporation, William James Thompson, Robert Edgar Bechir, Gene Lee Isenberg, a/k/a Gene Hill, and Robert John Vale, Defendants.**

**No. 4–69 CR. 29.**

United States District Court
D. Minnesota,
Fourth Division.

Dec. 5, 1969.

9. See Minutes, *supra* at 33–34.

10. See Minutes, *supra* at 36.

---

Robert G. Renner, U. S. Atty., by J. Earl Cudd, Asst. U. S. Atty., for plaintiff.

Gerald M. Fine, Minneapolis, Minn., and Francis R. Salazar, Denver, Colo., for defendants.

## ORDER

### RE PRELIMINARY MOTIONS

NEVILLE, District Judge.

Defendants are charged in a ten count indictment with mail fraud and conspir-

acy, violative of 18 U.S.C. §§ 2, 371 and 1341. Defendants are accused of unlawfully inducing certain people named in the indictment and others to sign a conditional sale contract for the purchase of a "Flo-Lite" central vacuum cleaning system. In part by using the United States Mails the defendants allegedly made false and fraudulent promises, pretenses and representations in the form of untrue statements of material facts and omissions to state material facts which induced the named individuals to purchase the cleaning system. The gravamen of the charged offense is that defendants sold their product in Minnesota by the referral method; that is, they sold to an original purchaser, advising him that if sales could be made to seven additional persons whose names he, the purchaser, would furnish, the commissions earned by the first purchaser would pay for his "Flo-Lite"; the seven new purchasers in turn each could proceed similarly and so on ad infinitum, despite the fact that the rate of mathematical progression "would soon exhaust the potential purchasers in Minnesota." Defendants are claimed to have represented to purchasers that they were participating in a profit sharing program and to have concealed the true nature of the transaction.

Defendants have made several motions.

*Motion in limine.* Defendants argue first that the court should restrain the government from offering at the trial the testimony of any witness "which seeks to impeach or contradict any written statements, written agreements or contracts signed by any such witness pertaining to the sale or installation of a 'Flo-Lite' central vaccuum cleaning system." Defendants contend that the rule prohibiting the introduction of parol evidence which would be in conflict with, would contradict or would vary comprehensive writings involving a contract or the creation of a relationship is a substantive right and relevant here.

The government on the other hand claims that the parol evidence rule is not applicable in criminal cases and is binding only on the parties to a contract and not on a third party.

On the basis of Shale v. United States, 388 F.2d 616 (5th Cir.) cert. denied 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed.2d 445 (1968), Nickles v. United States, 381 F. 2d 258 (10th Cir. 1967), and other recent cases it would appear that the position of the government is sound and the motion in limine therefore should be denied. The *Shale* case was a mail fraud case and the court in allowing evidence to be introduced in derogation of the written contract stated that testimony concerning why the witness was misled, why he bought the machine and what he thought the contract meant were properly admitted. The court further stated that it was proper to introduce testimony by a recipient of a solicitation as to the effect the solicitation had on his mind and the fraudulent impression it created. In addition the court noted the parol evidence rule is binding only between the parties to a contract and is not applicable where the controversy is between the government and one of the parties to the contract.

The *Nickles* case concerned a conviction for mail fraud involving the use of the referral plan. The court held that oral testimony could be used to show fraud despite proof of the execution of documents.

Also in Gibson v. United States, 106 U.S.App.D.C. 10, 268 F.2d 586 (1959), the court admitted parol evidence. The court noted that the rule is binding only between the parties to the contract and their privies and does not apply where the controversy is between the government and a party. The prosecution is not a party to the contract and is not bound by it and can show the true nature of the transaction. The court further stated that even under the parol evidence rule extrinsic evidence can be received where one of the parties was mistaken as to its terms and the mistake was induced by the fraud of the other party.

Most recently, in the mail fraud case of Mesch v. United States, 407 F.2d 1286

(10th Cir. 1969), cert. denied Baldwin v. United States, 395 U.S. 979, 89 S.Ct. 2133, 23 L.Ed.2d 767 (1969), it was claimed error that the court admitted pre-contract conversations in violation of the parol evidence rule. The court noted that the parol evidence rule did not apply to criminal prosecutions of that nature and held oral testimony admissible to show the presence of fraud despite proof of the execution of written contracts relating to the transaction. See also Silverman v. United States, 213 F.2d 405 (5th Cir.), cert. denied 348 U.S. 828, 75 S.Ct. 46, 99 L.Ed. 653 (1954); United States v. Baren, 305 F.2d 527 (2nd Cir. 1962).

Defendants claim that the above cases are distinguishable and in any event that the parol evidence rule is a substantive rule and therefore Minnesota law, which it is claimed would prohibit the evidence from being admitted, should apply.

Defendants in their very able memorandum correctly cite a number of civil cases in Minnesota that hold there can be no promissory fraud where the oral promises contradicted a writing and there was no claim that the plaintiff was deceived as to the contents of the writing. Defendants then argue that Minnesota law applies and that since the civil elements of fraud are applicable in criminal cases such as here and since there could be no fraud in a civil case under Minnesota law, there could be no fraud here. The defect in this argument even if defendants' premise as to the holding in the Minnesota cases is sound, is that in criminal cases there is a different policy consideration, viz, the interest of society as a whole in prohibiting a certain type of conduct, whether carried on orally or by purported formal written documents. See Epstein v. United States, 174 F.2d 754 (6th Cir. 1949).

█ The case of Bergera v. United States, 297 F. 102 (8th Cir. 1924), cited by the defendants, is inapposite. There the court ruled that a witness should not be able to testify as to an undisclosed meaning of an expression used in a communication from the witness to the defendant, whereas in the case at bar it is the effect on the witness of communications from the defendants which is in question. The in limine motion of the defendants to prohibit parol evidence is hereby denied.

*Inspection of grand jury minutes and transcripts.* Defendants seek to inspect the grand jury minutes under Rule 6 of the Federal Rules of Criminal Procedure, citing as authority the recent case of Gaither v. United States, 413 F.2d 1061 (D.C.Cir. 1969). As the court reads the *Gaither* case, it appears that the defense attorney initially made some showing of an improper procedure followed in the grand jury proceedings—to wit, after the evidence had been presented to the grand jury an indictment was drawn up to fit the evidence and was signed by the grand jury foreman. The question was whether, given the improper procedure, the defendant could show that the grand jury might have found differently had the correct procedure been used. The court ordered that to aid the defendant in his attempt so to show, he should be allowed to examine the grand jury minutes.

Here the defendants seek to inspect the minutes for two reasons: (1) To determine whether the proper procedures were followed by the grand jury; (2) To determine whether there was evidence before the grand jury which violated the parol evidence rule. It was argued by the defendants that the establishment of either one of these facts should result in a dismissal of the indictment.

As to the first ground, the defendants have not yet reached the stage that the defense counsel had reached in *Gaither.* He has not made any showing that there is reason to believe that something was improper in the procedures followed before the grand jury. It appears that here the defendants are merely seeking to explore to see if they can find something on which to base a motion to dismiss.

There is authority in the Eighth Circuit and elsewhere that speculative fishing expeditions based on hope and surmise should not allow a defendant open

access to the grand jury proceedings. Blumenfield v. United States, 284 F.2d 46 (8th Cir. 1960), cert. denied 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961); United States v. Silverman, 132 F.Supp. 820 (D.C.Conn.1955). The *Blumenfield* case stated that there should be secrecy surrounding the grand jury proceedings and added that they should be opened up only upon a showing of good cause. The court noted there was nothing indicating any insufficiency of evidence or irregularity and denied the motion to inspect, concluding it would be nothing but a fishing expedition.

█ █ As to the second ground, that there might have been testimony which violated the parol evidence rule, the court has opined above so as to dispose of this contention. The authority relied upon by defendants is Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). However, *Dennis* was not a case involving disclosure and examination of the minutes prior to trial. There the court said that the defendant was entitled to examine the grand jury testimony relating to the trial testimony of the government witnesses while the witnesses were still available for cross-examination. *Here the government has indicated its willingness to allow the defendant to examine the minutes at the trial.* Thus the defendant will have an opportunity to compare the testimony. Even if there is testimony of a nature of which the defendant complains, it still does not constitute grounds on which to base a motion to dismiss. See United States v. Davis, 410 F.2d 959 (8th Cir. 1969) where the court upheld a ruling denying a request to inspect grand jury testimony before trial. In Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court stated that there was nothing in the Constitution which restricted the kind of evidence which the grand jury should hear or on which it could rely. There, the court held that the conviction could be sustained even though the grand jury heard only hearsay evidence. Thus it appears that the evidence which the grand jury can consider can be of a kind which does not meet the strict requirements necessary and followed in court at trial.

█ The motion to inspect the grand jury minutes is therefore denied, as is defendants' contingent motion to dismiss since it relies on the granting of the former motion and hoped for discovery of some impropriety in grand jury proceedings.

█ *Bill of particulars.* Defendants have moved for a bill of particulars, stating at the hearing that it would be impossible to prepare a defense unless they were able to determine which salesmen made what representation and to whom. The purpose of a bill of particulars is to appraise the defendant of the nature of the charge against him with sufficient clarity to enable him to prepare for trial. Hemphill v. United States, 392 F.2d 45 (8th Cir.), cert. denied 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed. 2d 149 (1968). However, it is not the purpose of a bill of particulars to enable the defendant to acquire evidentiary detail and it is within the discretion of the court to set limitations on the request. The indictment names eight married couples and a lady with whom defendants are alleged to have had dealings. It then refers in paragraph 1 to "and others similarly situated". It is the court's order that if there are any "others" so similarly situated on whom the government intends to rely and to call as witnesses at trial the government shall supply the names and addresses thereof to defendants' counsel within ten days from the date of this order and will not be permitted at the trial to use "and others similarly situated" not so disclosed. Except as above, defendants' motion for a bill of particulars is denied.

*Motion for discovery and inspection.* Defendants have moved for discovery and inspection under Rule 16(a) and (b) of the Federal Rules of Criminal Procedure. The government has expressed its willingness to supply all the requested information which is now in its posses-

sion or which it expects to receive except the request for " * * * all questionnaires by and all written answers and replies to inquiries by postal inspectors or other government agents which relate to the sale or installation of any 'Flo-Lite' central vacuum cleaning system involved in the instant case which the government believes or has reason to believe may contain evidence favorable to the defendant or any of them which the government has obtained during the investigation of the instant case and which the government does not intend to use as evidence in the instant case."

The defendants in seeking this exculpatory information apparently rely on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), where the court held that suppression of evidence favorable to the accused upon request violates due process where the evidence is material. However Rule 16(b) states in part:

" * * * this rule does not authorize the discovery or inspection of * * * statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. 3500."

The government stated at the hearing it would abide the Jencks Act, 18 U.S.C. § 3500, at time of trial. The government will not be required to comply with the request contained in the language above quoted (paragraph 3 of defendants' motion for discovery) except as required at time of trial by the Jencks Act. Other than as above defendants' motion to discover and inspect is granted.

*Motion to strike.* Defendants' motion seeks to strike paragraphs 11 and 13 of the indictment. The former paragraph alleges that defendants concealed the fact that the conditional sale contracts would be and were sold or assigned to a finance company, while the latter paragraph alleges that defendants concealed facts regarding the endless chain aspects of the referral system. These matters cannot now be determined and will have to await trial for decision after hearing the evidence and so the motion to strike is hereby denied.

It is so ordered.