UNITED STATES of America, Plaintiff-Appellee,

v.

Woodrow WILSON, aka Woodrow Wilson, Jr., Defendant-Appellant.

No. 73-2238

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1973.

W. S. Brewbaker, Jr., Montgomery, Ala. (court appointed), for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409.

PER CURIAM:

Appellant, with others, organized a District of Columbia corporation styled "United States Merchant Marine," provided its officers with nautical titles,[1] and leased space in a Washington office building rejoicing in the title "Headquarters Building." So equipped, they placed in the mails addressed to various boat owners in Alabama and Texas the following letter, sealed with the "United States Merchant Marine" seal and covering various official-looking forms and registration-fee schedules:

UNITED STATES MERCHANT
MARINE
Headquarters Building
2000 P Street, N.W.
Washington, D.C. 20036

Dear Sir:

Effective immediately, the United States Merchant Marine Office of Marine Registry shall accept registration and title applications for privately owned small craft, boats and motors. Please complete the enclosed forms and return to this office within five days.

Very truly yours,
/s/ William E. Blake
William E. Blake
Chief of Operations, USMM

Responses, with fees, resulted. This prosecution for mail fraud (18 U.S.C. § 1341) and conspiracy to commit mail fraud (18 U.S.C. § 371) followed, resulting in appellant's conviction and sentence to five years' imprisonment.

His primary point of error here is that the trial court permitted several recipients of the above missive to testify to the impression which it made upon their minds: a notice of mandatory registration requirements from some agency of the United States. These non-ex-

pert opinions on non-technical matters are said to have invaded the province of the jury, thus depriving appellant of due process of law.

The question is not an open one in this circuit: "Testimony concerning the reasons why a witness was misled and what he thought the written instrument meant is proper evidence in a prosecution for mail fraud." Shale v. United States, 5th Cir., 1968, 388 F.2d 616, 618; Silverman v. United States, 5th Cir., 1954, 213 F.2d 405. These cases, despite the valiant attempt of appellant's counsel to do so, are indistinguishable from appellant's, and we adhere to them.

Review of the record below shows appellant's other contentions to be meritless.

Affirmed.

---

1. The equivalent of the corporate president was entitled "Commandant," of the vice presidents, "Chief of Operations, USMM," or "Vice-Commandant, USMM, Supplies and Accounts," etc.