United States Court of Appeals,

Fifth Circuit.

No. 91–2524.

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff–Appellee, Counterclaim–Defendant,

v.

Edward G. WALLACE, Jr.,

and

Republic Mineral Corporation, Defendants–Appellants, Counterclaim–Plaintiffs.

Oct. 20, 1992.

Appeals from the United States District Court for the Southern District of Texas.

Before KING, WILLIAMS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Edward G. Wallace, Jr., and Republic Mineral Corporation (RMC) appeal a grant of summary judgment in favor of the Federal Deposit Insurance Corporation (FDIC). Finding no error, we affirm.


I.

Wallace, president of RMC, executed a promissory note (the Note), guaranteed by RMC, in favor of Continental Illinois National Bank (CINB) for $4 million on August 30, 1984. CINB extended the Note three times, and under the third extension agreement, the Note became payable on April 1, 1987. On April 14, 1987, CINB conveyed the Note to the FDIC but continued to act as administrator of the Note for the FDIC. When Wallace failed to pay the Note when it became due, the FDIC filed this suit on October 30, 1987.


The parties tried to settle the lawsuit by way of a forbearance agreement and other related agreements (together, the "Forbearance Agreement"), executed on November 30, 1987, in which the FDIC agreed to refrain from foreclosing on the collateral securing the Note and to stay the litigation against Wallace for a period of six months ending June 1, 1988. In exchange, Wallace and RMC

admitted the validity of the Note, reaffirmed their respective obligations thereunder, and released all existing claims against the FDIC. Wallace also deeded property into escrow as security for payment of the Note. If the Note were paid or renewed by June 1, 1988, the FDIC would return the deeds to Wallace; otherwise, the FDIC would record the deeds and pursue any deficiency on the Note.

Wallace did not pay the amount due by June 1, so the FDIC recorded the deeds and reinstated this litigation. On June 3, the FDIC filed a motion for partial summary judgment against Wallace on the Note and against RMC as guarantor, relying upon Wallace's admission of liability and release in the Forbearance Agreement.[1] Wallace[2] counterclaimed, asserting that the FDIC had procured his participation in the Forbearance Agreement by fraud when an FDIC vice-president, Robert Brooks, orally assured Wallace that if Wallace were unable to secure additional financing, the FDIC would renew the Note when it came due on June 1.

In support of his counterclaim, Wallace submitted affidavits from himself, Brooks, and D. Chris Barden, a vice-president of RMC. Wallace swore that he had met with Brooks, in Brooks's capacity as a representative of the FDIC, to discuss the Forbearance Agreement, that Brooks orally assured Wallace that the FDIC would extend the June 1 maturity date, and that Brooks's promise induced Wallace to execute the Forbearance Agreement. Barden swore that he was present when Brooks, on behalf of the FDIC, promised further extensions of the Note before Wallace executed the Forbearance Agreement. Brooks swore that he had led Wallace to believe that the FDIC would renew the Note if Wallace could not pay it off by June 1.

---

[1]The FDIC sought judgment on all issues except the amount of the deficiency on the Note and the amount of attorneys' fees for which Wallace and RMC are liable. After the entry of partial summary judgment on November 14, 1989, the FDIC sought final summary judgment on the remaining two issues. On May 29, 1990, the court granted summary judgment to the FDIC as to the amount of the deficiency. In its final judgment order of July 31, 1990, the court decreed that the FDIC could recover stipulated attorneys' fees. In this opinion, we refer to these judgments together as the summary judgment.

[2]"Wallace" is used throughout this opinion to include Wallace and RMC, except where Wallace is obviously acting in an individual capacity, such as swearing out an affidavit.

The FDIC moved to strike the affidavits, arguing that because the Forbearance Agreement's terms are clear and unambiguous, the Texas parol evidence rule bars the introduction of prior or contemporaneous oral discussions and negotiations that alter its terms. A magistrate considered and rejected the FDIC's motion to strike, finding the affidavits admissible as exceptions to the parol evidence rule on the basis of *Town N. Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 493 (Tex.1978), which allows the admission of parol evidence to show fraud in the inducement of a promissory note if the fraud involves trickery. Concluding that these affidavits establish disputed issues of material fact, the magistrate recommended that partial summary judgment be denied.

The district court disagreed, finding that the three affidavits Wallace introduced pertained solely to the Forbearance Agreement and thus presented no summary judgment evidence on Wallace's underlying liability on the Note. With respect to the Forbearance Agreement, the court decided that under the *Broaddus* exception to the parol evidence rule, the affidavits should be stricken, as Brooks's statement did not involve trickery. Therefore, the court struck the affidavits and entered summary judgment on the Note in favor of the FDIC. This appeal ensued.

II.

In reviewing a summary judgment, we apply the same test as did the district court. *Samaad v. City of Dallas,* 940 F.2d 925, 937 (5th Cir.1991). We will affirm a summary judgment when the record evidence shows that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Without the parol evidence contained in the affidavits, Wallace is bound by the terms of the Forbearance Agreement and has no issue of law or fact with which to contest summary judgment on either the Note or the counterclaims. With the parol evidence, Wallace may provide sufficient evidence to raise a genuine issue of material fact, namely whether his participation in the Forbearance

Agreement was fraudulently induced so that his admission of liability and release of all claims against the FDIC on the Note was ineffective. The application of the Texas parol evidence rule and its exceptions in the promissory note context is crucial to resolving this case.[3]

## III.

The Supreme Court of Texas has defined the parol evidence rule as follows: "When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements." *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958). *See also Brannon v. Gulf States Energy Corp.,* 562 S.W.2d 219, 222 (Tex.1977); *Hunt v. Bankers Trust Co.,* 689 F.Supp. 666, 674 (N.D.Tex.1987).

Texas grants an exception to this bar when a party seeks to offer parol evidence to show fraud in the inducement to enter into a contract. We note, however, that "the exception is narrower when the contract is a promissory note." *Hunt,* 689 F.Supp. at 674. In *Broaddus,* 569 S.W.2d at 494, the Texas Supreme Court held that in order to present evidence contradicting the express terms of a promissory note, the maker must make a preliminary showing that the payee used "some type of trickery, artifice, or device ... *in addition to* the showing that the payee represented to the maker he would not be liable on such note." (Emphasis added.)

*Broaddus* is applicable to the instant case. In *Broaddus,* three men were co-makers on a promissory note to a bank. After making one partial payment on the note, and receiving an extension on the due date, they made no further payments. The bank filed suit on the note and moved for summary judgment. The makers responded that the bank initially had promised to look to only one of them for payment. The court, holding that the parol evidence rule barred the claim of fraud in the

---

[3]The parol evidence rule is a rule of substantive law governing this case. Texas law is applicable under ¶ 12 of the Forbearance Agreement. We therefore apply Texas law. *See Centronic Fin. Corp. v. El Conquistador,* 573 F.2d 779, 782 (2d Cir.1978).

inducement because the makers had made no showing of trickery, affirmed summary judgment in the bank's favor.

Importantly, the *Broaddus* court supported its decision to require a preliminary showing of trickery in the promissory note context by noting that to do otherwise would lead to "uncertainty and confusion in the law of promissory notes." We reiterated this policy in *Rosas v. United States Small Business Admin.,* 964 F.2d 351, 356 (5th Cir.1992) (per curiam), holding that absent a showing of "trickery, artifice, or device" by the bank, the makers of the note could not introduce parol evidence that they claimed extended the duration of the payout period on the note. We added the following:

> If fraud could be predicated on a party's allegation of any oral promise to vary the express terms of the note, then any collateral parol agreement might be asserted to contradict, vary or even abrogate *any written contract.* The result would destroy the parol evidence rule altogether *resulting in uncertainty and confusion in the law of contracts in general and negotiable instruments in particular.*

*Id.* (emphasis added) (footnote omitted). In addition, although *Rosas* involved the making of a promissory note, we cited a guarantee agreement case[4] as support for our decision to apply the *Broaddus* rule, thus further showing that we believed the principles implicated in *Broaddus* were not limited narrowly to the making of a promissory note.

Taken together, *Broaddus* and *Rosas* establish the applicability of the "trickery" requirement to the whole negotiable instrument context, not merely the making of a promissory note. An important concern of the *Broaddus* court was the desire to avoid confusion not only in the making of promissory notes, but more importantly, to encourage certainty in the overall law of promissory notes. This desire encompasses the situation at issue here, essentially a modification of a promissory note. Additionally, in *Rosas,* we emphasized our concern about eviscerating the parol evidence rule in the "negotiable instruments" context; we did not constrain our fears to the making of a promissory

---

[4]*Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

note. Rather, our analysis took us further afield, into the context of guaranty agreements.[5]

The case at hand is really about the modification of a promissory note—an act closely related to the making of a promissory note. The disputed Forbearance Agreement required Wallace to relinquish his defenses challenging the validity of the obligation on the Note and pledged additional security on the Note. In exchange, the FDIC agreed to forbear in collecting on the Note, thereby extending the repayment period six months.

Wallace claims fraudulent statements by an agent of the FDIC induced him to accept this modification of the Note. In *Broaddus,* the makers of the note also claimed that fraudulent statements by an agent of the holder induced them to accept the note. The court in *Broaddus* held that, absent a showing of trickery, the parol evidence rule precluded the introduction of the prior, allegedly fraudulent statements. We agree, concluding that the parol evidence rule bars the introduction of Wallace's three affidavits unless there is some showing of trickery.

IV.

We now turn to the district court's determination that Wallace failed to make the required showing of trickery. Wallace contends that the court impermissibly resolved a disputed issue of

[5]We note that a split exists among the Texas courts of appeals as to whether the trickery requirement applies to all contract cases or is limited to those in which the contract is a promissory note. Some courts have extended the trickery requirement to an assortment of written contracts. *See David v. Bache Halsey Stuart Shields, Inc.,* 630 S.W.2d 754, 759 (Tex.App.—Houston 1982, no writ) (employment contract); *Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102, 108 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (guaranty agreement). Other courts have restricted the requirement to cases involving an allegation of fraud in the inducement of a promissory note. *See Wagner v. Morris,* 658 S.W.2d 230, 232 (Tex.App.—Houston 1983, no writ) (suggesting trickery requirement limited to inducement to sign promissory note); *Lindeburg v. Gulfway Nat'l Bank,* 624 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.) (trickery requirement applicable to allegation of fraud in the inducement to sign promissory note). The split may be traced to *Wagner,* 658 S.W.2d at 232, where the court held that the trickery requirement applied only to inducement to sign a promissory note. In a concurring opinion, Chief Justice Evans stressed that the requirement applied to all written contracts. *Id.* at 234.

material fact by finding that he made no such showing.[6]  We disagree.

The *Broaddus* court treated the preliminary showing of trickery as a question of law, not one of fact.  Although the issue of whether trickery actually occurred is a question of fact, determining whether the maker of a note has made the requisite preliminary showing of trickery in order to present his fraud evidence to the factfinder is a question of law.[7]  In *Broaddus,* 569 S.W.2d at 494, the makers of the note offered an affidavit claiming that a bank officer had told them that only one of them would be held liable on the note.  The court held that this showing on its own did not suffice to meet the trickery standard and, as the makers had presented no other proof to show the existence of a genuine issue of material fact, summary judgment was appropriate.  *Id.*

Likewise, in the instant case, the maker of the Note, Wallace, offered only affidavits tending to show that the FDIC had made oral representations to him that he would not be held liable on the obligation, even though the express terms of the Forbearance Agreement hold him liable.  The applicable test requires more:  Wallace must have presented evidence that shows that the FDIC employed "some type of trickery, artifice or device ... *in addition* to showing that [the FDIC] represented to him that he would not be liable" on the Note.  *See Rosas,* 964 F.2d at 356.  As Wallace has come forward with no evidence that the FDIC employed any trickery, artifice, or device *in addition* to Brooks's representation that the FDIC would not hold him liable when the Note came due, the summary judgment is AFFIRMED.

_____

[6]Wallace relies primarily upon *Hunt v. Bankers Trust Co.,* 689 F.Supp. 666, 674 (N.D.Tex.1987), in which the court noted that "the issue of whether [the payee] engaged in "trickery' is necessarily one of fact."  The *Hunt* court did not mean for this statement to apply to district courts' examinations of whether the maker of a note has made the requisite preliminary showing of trickery necessary to present extrinsic evidence of fraud to the finder of fact.  Instead, the statement was made in the context of discovery.  Following the above-quoted statement, the court held as follows:  "Accordingly, summary judgment may not be granted on the [disputed note and guaranty] before Plaintiffs have had an adequate opportunity to discover any evidence relevant to that issue [trickery]."  *Id.*

[7]If this were not the case, a court rarely would be able to award summary judgment in a *Broaddus* -type case.  To suggest otherwise would require a preliminary jury trial on the sole issue of trickery before resolving the merits of a summary judgment motion.