**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2013

Lyle W. Cayce
Clerk

No. 11-50900

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFREY C. PERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-562-1

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jeffrey Perry was convicted of ten counts of wire fraud. He contends that the parol evidence rule requires his convictions be set aside. Because the government is not seeking to enforce an inconsistent or prior agreement in this criminal wire-fraud prosecution, we disagree.

**I.**

A federal indictment alleged that Perry "claimed to own the rights to a process for cultured marble material he at various times called 'Culture Pro.'"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50900

It explained that Perry devised a scheme to defraud, telling his victims "that he would use their invested money for product testing, equipment and material purchases, marketing, business facilities, and other expenditures related to making Culture Pro a marketable commodity."

Following a jury trial, Perry was convicted of ten counts of wire fraud, each a violation of 18 U.S.C. § 1343. He appeals, challenging the jury instructions and the sufficiency of the evidence supporting his convictions. We consider each contention in turn.

## II.

Perry first argues that the district court reversibly erred by not instructing the jury about the parol evidence rule.[1] "We review challenges to jury instructions by determining 'whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them.'"[2]

Perry relies on Texas law, which provides that "[w]hen parties have concluded a valid integrated agreement with respect to a particular subject matter, the [parol evidence] rule precludes the enforcement of inconsistent prior or contemporaneous agreements."[3] Although that rule is "not really a rule of evidence but rather a substantive rule from the law of contracts," it requires the "exclu[sion of] evidence of prior or contemporaneous negotiations and representations that are introduced to vary, add to, or contradict the terms of a

---

[1] Perry requested this instruction: "Under the law, it is assumed that the formal written contract reflects the parties' minds at a point of maximum resolution and, hence, that duties and restrictions that do not appear in the written document, even though apparently accepted at an earlier stage, were not intended by the parties to survive."

[2] *United States v. McKinney*, 53 F.3d 664, 676 (5th Cir. 1995) (quoting *United States v. Stacey*, 896 F.2d 75, 77 (5th Cir. 1990)).

[3] *F.D.I.C. v. Wallace*, 975 F.2d 227, 229 (5th Cir. 1992) (quoting *Hubacek v. Ennis State Bank*, 159 Tex. 166, 170 (1958)) (internal quotation marks omitted).

valid written instrument, which the rule presumes embodies the complete agreement between the parties."[4]

The parol evidence rule "is binding only between those persons who are parties to the contract or their privies, and does not apply in this case where the controversy is between the government and a party to the contract."[5] In a criminal fraud prosecution, the government seeks enforcement of the United States's criminal code—not enforcement of an "inconsistent prior or contemporaneous agreement[]."[6]

The inapplicability of the parol evidence rule in this case is sensible. The parol evidence rule aims in part to "ensur[e] that the contracting parties, whether as a result of miscommunication, poor memory, fraud, or perjury, will not vary the terms of their written undertakings, thereby reducing the potential for litigation."[7] The risk of fraud is heightened in the civil context, where parties to a contract have a profit motive to fib—and need only convince a factfinder of their story by a preponderance of the evidence.

Because the parol evidence rule is not applicable here, the district court was undoubtedly correct to deny Perry's requested jury instruction. The only remaining question is whether sufficient evidence supports his convictions.

---

[4] *Harville Rose Serv. v. Kellogg Co.*, 448 F.2d 1346, 1349 (5th Cir. 1971).

[5] *Shale v. United States*, 388 F.2d 616, 618–19 (5th Cir. 1968) (citation omitted) (internal quotation marks omitted); *see also United States v. Schmidt*, 229 F.3d 1148, at *6 (5th Cir. 2000); *United States v. Kreimer*, 609 F.2d 126, 132–33 (5th Cir. 1980); *United States v. Martel*, 792 F.2d 630, 635 (7th Cir. 1986); *Mesch v. United States*, 407 F.2d 1286, 1288–89 (10th Cir. 1969); *Gibson v. United States*, 268 F.2d 586, 589 (D.C. Cir. 1959); *cf. Sanders v. United States*, 396 F.2d 221, 222 (5th Cir. 1968) (per curiam); *compare United States v. Ballis*, 28 F.3d 1399, 1410 (5th Cir. 1994) (discussing plea agreements).

[6] *Wallace*, 975 F.2d at 229.

[7] 11 R. Lord, Williston on Contracts § 33:1 (4th ed. 2012) (footnotes omitted).

### III.

A false statement can support a § 1343 conviction only if the alleged victim considered the false statement to be material.[8] Perry argues that he had written agreements with his alleged victims; that those written agreements did *not* discuss purchases and testing; and that, as a result, purchases and testing were not material to his alleged victims. He contends that the evidence supporting his convictions is insufficient "under [the parol evidence rule's] presumption" that "a written agreement[] by all of the parties encompassed all their understandings." To the extent Perry intends to argue that misrepresentations made to wire fraud victims can only be "material" if they would constitute binding terms of a contract, we must reject his argument. He cites no authority for this novel contention, nor does he provide any compelling argument for creating such an equivalence. "Material" false statements are not limited to those representations that could be enforced in a contract dispute; as the jury instructions noted, "material" false statements are merely those that "[have] a natural tendency to influence, or [are] capable of influencing, the decision of the person to whom [they are] addressed." In any event, Perry never disputes that if the parol evidence rule is inapplicable in his case, sufficient evidence supports his convictions.[9] Because the rule does not apply, this argument lacks force.

**\* \* \***

As the parol evidence rule does not apply here, we AFFIRM.

---

[8] *Neder v. United States*, 527 U.S. 1, 25 (1999).

[9] Elsewhere in his brief, he explained that "[a]s with Appellant's First Issue, central to Appellant's defense on the merits is the application of the Parol Evidence Rule" and contended that "[u]nder the Parol Evidence Rule, the evidence is simply insufficient for a rational trier of fact to have found beyond a reasonable doubt that the [purchasing and testing at issue] was material to the investors."