**James COSTELLO, Appellant,**

v.

**J. Herman SAMPLE, Appellee.**

**No. 5036.**

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1971.

Rehearing Denied Sept. 16, 1971.

Law Offices of Christopher M. Weil, Ronald A. Dubner, Dallas, for appellant.

Neal C. De Shazo and Earl Luna, Dallas, for appellee.

OPINION

HALL, Justice.

Costello, the appellant, brought this action against the appellee, Sample, to recover on a note in the principal amount of $100,000, which was executed by Sample and payable to Costello. J. C. Adams intervened as an alleged assignee of a $15,000 interest in the note. Sample defended on the grounds that there was no consideration for the note, and that he was fraudulently induced to execute it. Trial was to the court without a jury and resulted in a judgment that Costello and Adams "take nothing." Adams did not appeal. We affirm.

In 1966 Costello learned that John A. Erhard and others owned a 148-acre tract of land in Dallas County which they desired to sell. He also learned that it was very probable that, in the near future, a portion of the land would be bought or condemned for highway purposes. Negotiations between Costello and Sample, and Costello and the owners' representative, led to Sample's purchase of the property from Erhard and others on March 17, 1967. As

part of the consideration, Sample executed a vendor's lien note, secured by deed of trust, payable to the grantors in the amount of $657,000. On that same day Sample executed the note made the basis of this law suit.

Answering Costello's petition for recovery on the note, Sample alleged that the note was "without consideration;" that, to induce the execution of the $100,000 note, Costello represented to Sample that Costello, in behalf of Sample, was presently advancing that amount of money to John Erhard and others toward purchase of the 148 acres, but that the statement was false; and that as an inducement to him to sign the note, Costello represented that if the property should not have been condemned for highway purposes by the time the first payment was due on the vendor's lien note, one year from the date of purchase by Sample, then Costello would "assume the full amount of the deed of trust note" and would pay Sample $120,000 plus ten percent interest; that these representations were false; that Costello knew they were false when they were made; that Sample did not know they were false; that he relied upon them; and that he "would not have executed any agreement with the plaintiff had he known same to be false."

The trial court made and filed findings of fact numbered as follows: (9) and (10), that Costello represented to Sample that Costello was lending Sample $100,000 "as part of the down payment of the purchase price of the land involved," and, but for such representation, Sample would not have signed the note; (15) that, but for the representation, Sample would not have purchased the property; (18) that the representation was false, and Costello knew it was false when he made it; (16) that Sample did not know the representation was false when it was made; (19) that Sample relied upon the representation; (20) that Sample would not have executed any agreement with Costello if he had known that the representation was false; (21) that there was no consideration for the execu-

tion of the note; and (3) that Costello represented to Sample that Costello had a contract to purchase the property from Erhard and others for $880,000.

Appellant contends that the findings recited above are against the great weight and preponderance of the evidence. We do not agree.

Viewed most favorably toward the trial court's findings, the evidence and its inferences support the following factual background to this controversy: In 1966, Costello determined that he could purchase the 148 acres for $760,000. He contacted Sample and told Sample that he held an option to purchase the tract for $880,000; that the down payment was $220,000, with the balance payable in five equal annual installments to be secured by "deed of trust note;" and that if the purchase was not consummated by March 15, 1967, he would lose his "option deposit." He asked Sample to "take up the option." Sample was led to believe that at least $900,000 would be received for that portion of the property that would be bought or condemned for a highway. Sample was willing to assume the "option" and purchase the property, but he could raise only $120,000, and not $220,000, for the purported down payment. Costello agreed to loan Sample $100,000. Sample agreed to purchase the property. Costello, as seller, executed a contract of sale of the property to Sample for $880,000, though Costello owned no interest in the property. Subsequently, Costello, as purchaser, entered into a contract of sale with the owners of the property to purchase it for $760,000, payable $100,000 down and the balance in five equal annual payments, secured by Vendor's Lien Note and Deed of Trust. Costello agreed in writing to loan Sample $100,000 "to be applied on purchase price of described property." Sample was worried that he could not meet the first annual payment. Costello agreed in writing that if the property should not have been purchased for highway use on or before the date of the first payment, then Costello would pay Sample "$120,000 plus

10% interest" and "assume full amount of the Deed of Trust Note." With Costello more or less handling the deal for him, Sample purchased the property from the owners, believing that he had paid $100,000 more than he had, in fact, and that Costello had delivered $100,000 to the owners. In exchange, Sample executed the $100,000 note, payable to Costello, which is in question in this case. If valid, the note is now due. As Sample was to later learn, Costello did not pay "one penny" to anyone on behalf of Sample, and Sample "never got a dime" as consideration for the note. The property had not been purchased or condemned for highway use when the first annual payment became due. Within two days of that date Sample told Costello that Sample could not meet the payment. Thereafter, Costello failed and refused to pay Sample $120,000 and assume payment of the balance of the note as he agreed to do. Sample believed and relied upon Costello's representations that Costello was paying $100,000 to the owners of the property on behalf of Sample. He also believed and relied upon the representation that, if the property should not have been purchased or condemned by the first payment due date, then Costello would return Sample's investment, with 10% interest thereon, and assume the payment of the balance of the purchase price. If the representations had not been made, then Sample would not have executed the note and would not have purchased the property. The representations were false, and Costello knew they were not true when he made them.

 A careful review of the entire record convinces us that the evidence is factually sufficient to support the trial court's findings set forth above.

 The law is settled that want of consideration for a note and fraud in the inducement of a note are good defenses against a person other than a holder in due course. Secs. 3.408 and 3.306(2), Vernon's Ann.Tex.Bus. & C.Code; 9 Tex.Jur. 2d 278, 295, Bills and Notes, Secs. 255, 268.

Costello was not a holder in due course. "A holder in due course is a holder who takes the instrument for value; and in good faith; and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." Sec. 3.302, Bus. & C.Code.

Appellant has other complaints and contentions. We have considered them all, and none reflect error. They are overruled.

The judgment is affirmed.