**L. A. VIRACOLA, Appellant,**

v.

**DALLAS INTERNATIONAL BANK, Appellee.**

No. 5315.

Court of Civil Appeals of Texas, Waco.

March 21, 1974.

Rehearing Denied April 25, 1974.

Weinberg, Sandoloski & Hines (J. C. B. Aler), Dallas, for appellant.

Irion, Cain, Magee & Davis (Tedford E. Kimbell), Dallas, for appellee.

HALL, Justice.

The defendant, L. A. Viracola, appeals from a summary judgment awarding the plaintiff, Dallas International Bank, recovery against him on a past due note. American Panel Corporation and Viracola are co-makers of the note and Bank is its payee. Viracola signed the note as president of the corporation and in his individu-al capacity. It was executed on April 7, 1970, and was due 90 days thereafter. This suit was brought against Viracola only. We reverse and remand.

To be entitled to a summary judgment in a proceeding such as this, a plaintiff must come forward with proper pleadings and proof that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Sec. (c), Rule 166–A, Vernon's Texas Rules of Civil Procedure; Harrington v. Y.M.C.A., (Tex.Sup., 1970) 452 S.W.2d 423, 425.

Viewed alone, Bank's pleadings and motion and supporting proof would entitle it to the judgment rendered. However, in opposition to Bank's motion, Viracola filed an affidavit in which he set forth the following facts: On November 4, 1966, he was president of American Panel Corporation. On that day the company borrowed $9,000 from Bank and made a note to it for that amount. The money was borrowed to support operation of the company during negotiations for its sale to a buyer in Alabama. Viracola signed the note on behalf of the corporation in his capacity as its president. Soon thereafter, Bank requested Viracola to co-sign the note individually and to pledge his American Panel Corporation stock with Bank "only to assure the Bank that the note would be paid in full first from the proceeds of the sale before any distribution of funds was made to other creditors and stockholders." Viracola was assured by Bank that "if the sale was not finalized" the stock would be returned to him and his individual liability on the note would end. Viracola pledged the stock and co-signed the note. From then until January, 1969, the note was renewed several times. Each renewal was co-signed by Viracola "with the same conditions as per the original note." In January, 1969, the sale fell through and the Alabama buyer withdrew. Bank returned Viracola's stock to him. In March, 1969, dickering began for sale of the company to a buyer in Washington, D. C. Bank again requested that Viracola pledge his corpo-

rate stock and co-sign renewal notes on April 3, 1969, "with same conditions as original note". He did. The note was continued and renewed "with the same understandings and conditions." In December, 1969, Bank sued both makers on the note. In January, 1970, Viracola reviewed the dealings between Bank and the company with Joe Abbey, Bank's attorney. Abbey requested that Viracola renew the note "under the same conditions" and the suit would be dismissed. On February 6, 1970, the note was renewed and co-signed by Viracola "with the same conditions." The suit was dismissed by Bank. On April 7, 1970, the note was again renewed "with the same conditions and understandings." In May, 1970, the buyer from Washington, D. C., withdrew from further negotiations. Viracola resigned from the corporation and it ceased operation. No further actions or demands were taken or made by Bank against Viracola until December, 1972, at which time Bank demanded that he pay the note. This suit was filed in January, 1973.

■ Viracola's affidavit places in issue the question of whether or not the note was induced by fraud. Fraud in the inducement is a good defense in a suit on a note between the original parties. Costello v. Sample, (Tex.Civ.App.,—Waco, 1971, writ ref. n. r. e.) 470 S.W.2d 446, 448; Secs. 3.408, 3.306(2) and 3.302, Vernon's Ann.Tex.Bus. & C.Code, V.T.C.A.

■ Bank asserts that Viracola's statements concerning the alleged fraudulent procurement of his signature is without probative value because they violate the rule which excludes parol evidence to vary the terms of a written instrument. Not so. The exception to that rule which permits the admission of extrinsic evidence to show that the execution of a simple contract was procured by fraud applies also in actions on notes. Farnsworth v. Dolch, (Tex.Civ.App.—Waco, 1972, writ ref. n. r. e.) 488 S.W.2d 531, 533; 23 Tex.Jur.2d 538, Evidence, Sec. 363; Sec. 3.306(2),

Vernon's Tex.B. & C.Code; 9 Tex.Jur.2d 220, Bills & Notes, Sec. 207.

■ Contrary to Bank's contention, it is of no consequence that Viracola has not pleaded fraud. When the summary judgment record discloses facts which show that an amendment to the pleadings of the opposing party will render the position of the moving party untenable under the substantive law, it cannot be said that the movant has established his right to judgment as a matter of law, and summary judgment is improper. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S. W.2d 233, 237 (1957); Insurance Company of North America v. Cash, (Tex.Sup., 1972) 475 S.W.2d 912, 913.

A part of Bank's summary judgment proof is an affidavit by its attorney, Abbey, in which he states that the renewal note dated February 6, 1970, was executed by Viracola in exchange for dismissal of the lawsuit then pending between the parties. Bank says this proof establishes that Viracola waived his defense of fraud. It cites the familiar rule set forth in Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201, 205 (1892) and restated in Gaylord Container Division v. H. Rouw Company, (Tex.Sup., 1965) 392 S.W.2d 118, 120, that "[W]here one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent or without consideration, the latter will be deemed to have freed the transaction of the fraud, and to have waived the want of consideration."

■■ Waiver is a matter of intention. Ford v. Culbertson, 158 Tex. 124, 308 S. W.2d 855, 865 (1958). It is ordinarily a question of fact. Young v. De La Garza, (Tex.Civ.App.—Dallas, 1963, no writ hist.) 368 S.W.2d 667, 671. Acts done in affirmance of a contract induced by fraud can amount to a waiver of the fraud only where they are done with full knowledge of the fraud and of all material facts, and with the intention clearly manifested of

abiding by the contract and waiving all right to recover for the deception. Culver v. Haggard, (Tex.Com.App., 1925, adopted) 270 S.W. 846, 847.

If we assume that Abbey's affidavit conclusively shows that Viracola executed the renewal note in February, 1970, to settle the lawsuit, it cannot be said that the record conclusively establishes that Viracola intended to waive the fraud. Rather, Viracola's affidavit tends to show that the original fraud was reiterated by Abbey and that Viracola relied upon it; and that the execution of the renewal notes, including the one which is the basis of this suit, was a continuation of the original agreement.

Bank's reliance upon waiver is faulty for an additional reason. Bank did not plead waiver. A movant has not shown that he is entitled to a summary judgment as a matter of law if it is not supported by the pleadings. Rule 166–A, Sec. (c), supra. And a summary judgment cannot be affirmed on appeal on some theory not pleaded in the trial court.

Finally, Bank asserts that Viracola's affidavit fails to show that it is made on personal knowledge or that he is competent to testify to the matters stated therein. These objections to the affidavit were not urged in the trial court. They may not be raised for the first time on appeal. Youngstown Sheet & Tube Co. v. Penn, (Tex.Sup., 1963) 363 S.W.2d 230, 234.

We sustain Viracola's points in which he contends that the summary judgment was erroneously granted. In another point he asserts the trial court abused its discretion when it failed to consider an affidavit he filed after the hearing on Bank's motion for summary judgment but before the motion was formally granted. This affidavit will be before the court at the new trial. The complaint is therefore moot.

Reversed and remanded.