**TOWN NORTH NATIONAL BANK, Petitioner,**

v.

**Larry BROADDUS et al., Respondents.**

**No. B–7319.**

Supreme Court of Texas.

July 26, 1978.

Wynne & Jaffe, Hubert A. Crouch, III, Dallas, for petitioner.

Parnass & Fowler, Walter W. Leonard, Irving, for respondents.

McGEE, Justice.

Town North National Bank, hereinafter referred to as the Bank, brought suit against Larry Broaddus, Terrell C. Taylor, and Charles W. Curtis, seeking to recover on a promissory note. Curtis was subsequently dismissed without prejudice because he was a defendant in bankruptcy proceedings. The trial court thereafter granted the Bank a summary judgment against Broaddus and Taylor. The court of civil appeals reversed and remanded. 558 S.W.2d 909. We reverse the judgment of the court of civil appeals and affirm that of the trial court.

Broaddus and Taylor were co-makers, along with Curtis, on a promissory note to the Bank in the principal amount of $8,900. The note was executed on January 10, 1975, and became due on July 9, 1975. It provided for interest at the rate of 10 percent per annum. In September, 1975, a partial payment of $1,900 was made to the Bank which reduced the principal balance to $7,000. At that time, the due date on the note was extended to October 9, 1975. On November 25, 1975, the Bank demanded payment in full. Except for a subsequent partial payment of interest, the makers made no further payments, thereby leaving a balance of $7,231.02.

The Bank brought suit upon the note and moved for a summary judgment. In conjunction therewith, one of the Bank's officers, William Hudson, filed an affidavit in which he stated that he was competent to testify to every statement made therein and that the facts stated in the affidavit were within his personal knowledge and were true and correct. Attached to the affidavit was a copy of the note. Hudson stated in the affidavit that a true and correct copy of the note was attached and incorporated for all purposes. In this connection, we recently held that when a photographic copy of a promissory note is attached to an affidavit in which the affiant swears that the attached note is a true and correct copy of the original note, then the note is a sworn copy within the meaning of Rule 166–A(e) of the Texas Rules of Civil Procedure and is proper summary judgment evidence. *Life Insurance Co. of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378 (Tex.1978).

Broaddus and Taylor responded to the Bank's motion for summary judgment with an answer and affidavits which they contended, in conjunction with other instruments on file, raised genuine, material fact questions and issues with respect to their liability to the Bank. Each of them exe-

cuted an affidavit which stated that Hudson, as agent for the Bank, explained to them that Curtis would have sole responsibility for payment of the note, the proceeds of which were to be used to purchase two cows, and that the Bank would not look to either of them for repayment. After reviewing the affidavits of all the parties, the trial court determined that there was an absence of a genuine issue of any material fact and rendered summary judgment on the Bank's behalf.

The court of civil appeals reversed and remanded on the ground that the affidavits of Broaddus and Taylor raised a fact question as to fraud in the inducement of the promissory note. Referring to *Dallas Farm Machinery Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233 (1957), the court noted that there is an exception to the parol evidence rule which permits extrinsic evidence to show fraud in the inducement of a written sales contract. Section 3.306(2) of the Tex. Bus. & Comm.Code Ann. (1968) makes this rule applicable to actions on promissory notes, where, as we have here, the holder of the note is not a holder in due course.[1] The court of civil appeals then cited as determinative of this case the decisions of *Berry v. Abilene Savings Association,* 513 S.W.2d 872 (Tex.Civ.App.—Eastland 1974, writ ref'd n. r. e.) and *Viracola v. Dallas International Bank,* 508 S.W.2d 472 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.). Under the facts of those cases, it was held that the application of section 3.306(2) was proper and parol evidence was admissible to show that the maker of a note was induced by the false and fraudulent representations of the payee to sign the promissory note. While we recognize the validity of the rule announced in those decisions, we do not believe that *Berry* and *Viracola* are controlling under the facts of this case.

The question thus presented is whether, in a suit by one not a holder in due course against the maker of a promissory note, the parol evidence rule prohibits the admission of extrinsic evidence showing that the maker was induced to sign the note by the payee's representations that the maker would not incur liability on the note. We hold that the allegations of fact in the instant case, even if true, do not constitute fraud in the inducement so as to support an exception to the parol evidence rule.

In reaching this result, we have examined many Texas decisions concerning fraud in the inducement of promissory notes. From a study of these decisions, it appears that one rule prevails when there is only a representation to a maker, or surety, by the payee that he will not be liable; on the other hand, a different rule prevails in the instance where something more than just that representation is involved.

We begin our discussion of the issue presented with an examination of the authorities we consider to be controlling in this case. In these decisions there was, in essence, only a representation by the payee to a maker or surety that he would not be liable on the note. *See Lanius v. Shuler,* 77 Tex. 24, 13 S.W. 614 (1890); *Mitcham v. London,* 110 S.W.2d 140 (Tex.Civ.App.—Austin 1937, no writ); *Dean v. Allied Oil Co.,* 261 S.W.2d 900 (Tex.Civ.App.—Waco 1953, writ dism'd); *Jones v. Hubbard,* 302 S.W.2d 493 (Tex.Civ.App.—Waco 1957, writ ref'd n. r. e.); *Howeth v. Davenport,* 311 S.W.2d 480 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e.); *Fisher v. Howard,* 389 S.W.2d 482 (Tex.Civ.App.—Dallas 1965, no writ); *McPherson v. Johnson,* 436 S.W.2d 930 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); *Texas Export Development Corp. v. Schleder,* 519 S.W.2d 134 (Tex.Civ.App.—Dallas 1974, no writ). The rule from these cases is, quite clearly, that a negotiable instrument which is clear and express in its terms cannot be varied by parol agreements or representations of a payee that a maker or surety will not be liable thereon. As was stated by the court in *Dean v. Allied Oil Co., supra,* at 902:

1. Section 3.306 provides:

"Unless he has the rights of a holder in due course any person takes the instrument subject to

(1) . . .
(2) all defenses of any party which would be available in an action on a simple contract;
. . . ."

"But even had defendants offered proof under proper pleadings that plaintiff had induced defendants to sign the note by a false representation—that he would not be personally liable thereon—or made an agreement or had an understanding to that effect, and had the jury so found, it still would avail defendants nothing. An unconditional written instrument cannot be varied or contradicted by parol agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument."

The decisions of *Mitcham v. London, supra,* and *Howeth v. Davenport, supra,* offer further insight into the question before us. In *Mitcham,* the court stated:

"As we understand appellee's contention upon this issue, it is that the fraud consisted in making the agreement not to hold the note as a personal obligation against him with the then present intention not to perform that agreement. . . . The promise here complained of as being intended not to be performed was a collateral one in parol at variance with the written contract entered into, and one proof of which the law does not admit. If fraud could be predicated upon such promise and intention, then any collateral parol agreement might be asserted to contradict, vary, or even abrogate any written contract, under the guise of a fraudulent intent not to perform such collateral parol agreement. The practical effect would be to destroy the parol evidence rule altogether." *Mitcham v. London,* 110 S.W.2d at 142.

Or, in the words of another court, a promissory note would be reduced to a "meaningless scrap of paper." *Howeth v. Davenport,*

311 S.W.2d 480, 482 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e.).

■ The reasoning behind these cases was recently expressed in an opinion by the Dallas Court of Civil Appeals where it was noted that "[a] party to a written agreement [promissory note] is charged as a matter of law with knowledge of its provisions and as a matter of law cannot claim fraud when he is bound to the provisions unless he can demonstrate that he was tricked into its execution." *Texas Export Development Corp. v. Schleder,* 519 S.W.2d 134, 139 (Tex. Civ.App.—Dallas 1974, no writ). The obligation of a maker who signs an instrument is clearly set out by the Uniform Commercial Code. *See* Tex.Bus. & Comm.Code Ann. § 3.413 (1968). Were we to deviate from the holdings of *Schleder* and cases similar to it by permitting extrinsic evidence of the type sought to be shown in this instance, the result would be uncertainty and confusion in the law of promissory notes. Therefore, under the facts of this case, we hold that the mere representation by a payee to the maker that the maker will not be liable on the note does not constitute fraud in the inducement so as to be an exception to the parol evidence rule.[2]

In reaching its decision that parol evidence was admissible in this case, the court of civil appeals placed primary reliance on *Berry v. Abilene Savings Association,* 513 S.W.2d 872 (Tex.Civ.App.—Eastland 1974, writ ref'd n. r. e.) and *Viracola v. Dallas International Bank,* 508 S.W.2d 472 (Tex. Civ.App.—Waco 1974, writ ref'd n. r. e.). It is true that the rule to be taken from those two decisions is that when there has been a representation by the payee to the maker of a note that the maker will not be liable thereon, extrinsic evidence of fraud in the

2. The tendency of the courts of this state to adhere to such a strict approach is further illustrated by the following decisions: *see Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960); *Lassiter v. Boxwell Brothers, Inc.,* 362 S.W.2d 884 (Tex.Civ.App.—Amarillo 1962, no writ); *Dewey v. C. I. T. Corp.,* 374 S.W.2d 298 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.); *Johnson v. Packaging Corp. of America,* 375 S.W.2d 780 (Tex.Civ.App.—Forth Worth 1964, no writ); *Roseborough v. Phillips,* 389 S.W.2d 593 (Tex.Civ.App.—Dallas 1965, no writ). *See generally Martin v. Coastal States Gas Producing Co.,* 417 S.W.2d 91 (Tex.Civ. App.—Eastland 1967, no writ). Although no allegations of fraud are involved in them, the cases are nevertheless persuasive to the extent that they demonstrate the unwillingness of the courts to release a maker from liability on a note solely on a representation to him by a payee that he will not be looked to for payment.

inducement is to be permitted. A careful reading of *Berry* and *Viracola,* however, reveals that some sort of trick, artifice, or device was employed by the payee in addition to his representation to the maker that he would not be liable. In our research, this element of trickery or deception was found to be common to the other Texas decisions involving promissory notes in which fraud in the inducement was recognized as an exception to the parol evidence rule. *See generally Farnsworth v. Dolch,* 488 S.W.2d 531 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.); *Costello v. Sample,* 470 S.W.2d 446 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.); *Lee v. First Nat'l Bank,* 254 S.W. 394 (Tex.Civ.App.—Beaumont 1923, no writ).

For example, *Berry v. Abilene Savings Association, supra,* involved the situation of a college student who signed a $5,000 note made payable to the Western Commercial Savings & Loan Association. Abilene Savings Association subsequently acquired the note after it was mature and sought to collect on the note by way of suit. Abilene Savings Association moved for and was granted a summary judgment. In opposition to the motion for summary judgment, Berry filed an affidavit to support his allegations that he was induced to sign the note by false and fraudulent representations made to him by one Claude McAden, president of Western Commercial Savings & Loan Association, and one Fred Newman, Berry's employer.

The detailed affidavit filed by Berry revealed that McAden and Newman were neighbors; that Newman needed the $5,000 loan, but due to certain restrictions and technicalities, Western Commercial Savings & Loan could not loan the money directly to Newman; that a scheme was devised whereby Berry would take out the loan and turn over the proceeds to Newman; that McAden told Berry several times that he would not be liable on the note and only Newman would be looked to for payment on the note; that McAden told Berry that he knew that he was a college student, had neither money nor property and, under normal circumstances, would have never made

such a loan to him; that Berry was under a great deal of pressure from McAden and his employer, Newman, to sign the note; and that he signed the note, received the money, and then turned the proceeds over to Newman. Based on the affidavit, the court of civil appeals reversed and remanded the trial court's judgment because it held that there was a genuine material issue of fact concerning fraud in the inducement.

The *Viracola v. Dallas International Bank, supra,* decision is equally as illustrative. Viracola was president of the American Panel Corporation. At that time the company was involved in negotiations for its sale to a buyer in Alabama. In order to support the company's operations during the negotiations, the company borrowed $9,000 from the Bank and made a note to it for that amount. The Bank eventually sued to collect on the note. The trial court granted a summary judgment on behalf of the Bank.

In opposition to the Bank's motion, Viracola filed an affidavit which essentially set out the above facts and then went on to state that Viracola signed the note on behalf of the corporation in his capacity as president; that soon thereafter, the Bank requested Viracola to co-sign the note individually and to pledge his American Panel stock with the Bank "only to assure the Bank that the note would be paid in full first from the proceeds of the sale before any distribution of funds was made to other creditors and stockholders"; that Viracola was assured by the Bank that "if the sale was not finalized" the stock would be returned to him and his individual liability on the note would end; that on this basis he pledged the stock and co-signed the note; that the sale ultimately fell through and the Bank returned the stock to him; that at a later date the Bank pursued an action on the note against Viracola despite the agreement. As in *Berry,* the court of civil appeals reversed and remanded holding that a genuine material issue of fact existed with reference to the fraudulent inducement of the note.

Therefore, from our review of *Berry* and *Viracola,* we believe that implicit within their holdings that extrinsic evidence is permissible to show fraud in the inducement of a note is the requirement there be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note. Applying that standard to the facts before us, we find no such showing by the respondents. The affidavits offered by Broaddus and Taylor in opposition to the Bank's motion for summary judgment indicate only that the Bank made representations to Broaddus and Taylor that they would not be liable on the note, which, even if correct, would be insufficient under our discussion. Consequently, we do not consider the *Berry v. Abilene Savings Association, supra,* and *Viracola v. Dallas International Bank, supra,* decisions as being dispositive of this case.

To be entitled to a summary judgment, the movant has the burden of establishing that there exists no material fact issue and that he is entitled to judgment as a matter of law. *Mitchell v. Baker Hotel,* 528 S.W.2d 577 (Tex.1975); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex. 1972). By way of pleadings and proper summary judgment proof, Town North National Bank demonstrated as a matter of law that it was entitled to summary judgment. In opposition to this, Broaddus and Taylor asserted the affirmative defense of fraud in the inducement. In order to avoid a summary judgment in favor of the plaintiff-Bank, it was their burden as defendants to show the existence of an issue of fact with respect to their affirmative defense. *See Life Insurance Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Hudnall v. Tyler Bank & Trust Co.,* 458 S.W.2d 183 (Tex.1970); *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960); *Gulf Colorado & Santa Fe Ry. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958). To meet this requirement, Broaddus and Taylor offered an affidavit in which it was averred that an officer of the Bank represented to them that they would not be held liable on the note, that only Curtis would be looked to for payment of the note. Rule 166-A(e) of the Texas Rules of Civil Procedure (Supp. 1978) requires that supporting and opposing affidavits, among other things, "shall set forth such facts as would be admissible in evidence." This rule has been interpreted to mean that the affidavits must set forth such facts as would be admissible in evidence at a trial. *See Phagan v. State,* 510 S.W.2d 655 (Tex.Civ.App.—Forth Worth 1974, writ ref'd n. r. e.); *Mason v. Mid-Continent Supply Co.,* 374 S.W.2d 922 (Tex.Civ. App.—Fort Worth 1964, writ ref'd n. r. e.); *Dickey v. Bird,* 366 S.W.2d 859 (Tex.Civ. App.—Amarillo 1963, writ ref'd n. r. e.). Because of our previous holding that the facts in their affidavit upon which they rely to establish fraud in the inducement are barred by the parol evidence rule, Broaddus and Taylor are, in effect, in the position of having offered no summary judgment proof to meet the burden imposed upon them to show the existence of a genuine issue as to a material fact. Consequently, the trial court properly granted summary judgment in favor of Town North National Bank.

Accordingly, the judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

GREENHILL, C. J., notes his dissent.