**Jessie Rene JONES, et al., Appellants,**

v.

**HOUSTON GENERAL INSURANCE COMPANY a/k/a Equitable General Insurance Company, Appellee.**

**No. 6300.**

Court of Appeals of Texas, Waco.

Nov. 5, 1981.

Donald L. Prager, Fort Worth, for appellants.

Anne Gardner, Simon, Peebles, Haskell, Gardner & Betty, Fort Worth, for appellee.

HALL, Justice.

Appellee Houston General Insurance Company, also known as Equitable General

Insurance Company, issued its workers' compensation insurance policy number WC895719 to John E. Hutchins. The policy period was from March 8, 1977 to March 8, 1978. On September 14, 1977, Eddie Ross Jones was killed in an accident sustained in the course of his employment with Hutchins. Eventually, appealing from the award of the Industrial Accident Board, the widow of the deceased employee, Jessie Rene Jones, and the deceased's children filed suit on the policy under the provisions of article 8306, section 8, for death benefits; and Hutchins filed suit on the policy under the provisions of article 8306, section 9, for funeral expenses he had allegedly paid. The cases were consolidated for trial.

Appellee defended the suits and moved for summary judgment on the ground that it had canceled the policy effective June 22, 1977. The motion was granted, and summary judgment was rendered that the claimants take nothing. Hutchins did not appeal. The judgment against him is final. The widow and children brought this appeal. We reverse the judgment against them.

Appellee expressly based its defense of cancellation and its motion for summary judgment on its alleged compliance with the following provisions of condition 15 of the policy:

"15. Cancellation: This policy may be canceled by ... the company by mailing to the insured at the address shown in the policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice.... [T]he effective date and hour of cancellation stated in the notice shall become the end of the policy period."

Appellee's summary judgment evidence included a complete copy of the policy, and it also included undisputed proof that on June 7, 1977, appellee mailed written notice to Hutchins at his address shown in the policy stating that appellee was canceling the policy effective June 22, 1977.

The policy in evidence also includes as an endorsement an instrument entitled "MOTOR BUS AND MOTOR CARRIERS WORKMEN'S COMPENSATION AND EMPLOYER'S LIABILITY CERTIFICATE OF INSURANCE Filed With Motor Transportation Section, Transportation Division, Railroad Commission Of Texas." The instrument shows that it was executed by appellee on June 10, 1977, and that it was filed with the Railroad Commission on June 15, 1977. Its pertinent parts provide as follows:

"This is to certify that [appellee] has issued ·to [Hutchins] a policy [No. WC895719] providing Workmen's Compensation and Employer's Liability Insurance in accordance with the provisions of Art. 911a and 911b, Tex.R.C.S. ... The company agrees and binds itself to keep in force like coverage for the period hereinafter provided....

"The coverage herein certified shall not be cancelled by either the insured or the Company without mailing written notice to the Motor Transportation Division of the Railroad Commission of Texas, at Austin, Texas, stating when, not less than thirty (30) days after receipt of such notice, the policy then evidencing coverage shall no longer be effective.

"Coverage is effective from 3/8/77 and continues under the present and succeeding policies until the policy in effect at the time notice of cancellation is mailed as hereinabove provided is cancelled, by either the insured or the Company."

Appellants do not assert that the summary judgment record does not conclusively establish appellee's defense of cancellation under condition 15 of the policy. But appellants do contend for reversal that appellee's summary judgment proof was legally insufficient to establish cancellation prior to the death of Eddie Ross Jones under the provisions of the certificate filed with the Railroad Commission. We sustain this contention.

The only proof relating to notice to the Railroad Commission of cancellation was a letter dated November 9, 1977, to Hutchins

from the Director of the Commission's Transportation Division. The letter stated "Dear Sir: Your workman's comp insurance coverage policy number WC895719 has been cancelled effective July 15, 1977"; and it concluded with notice to Hutchins that a hearing has been set on November 28, 1977, for him to "show cause why your certificate/permit/license should not be cancelled for failure to maintain continuous insurance coverage in accordance with section 11 of article 911a and section 13 of article 911b, V.A.C.S." Appellee argues that since the letter "shows that the Railroad Commission recognized the effective date of such cancellation as July 15, 1977, which was long prior to the date of death ... there is obviously no genuine issue of material fact raised as to whether the Railroad Commission received notice of cancellation prior to September 14, 1977, as claimed by Appellants." We do not agree with this argument. The letter was dated November 9, 1977. It does not purport to show when the Commission was given the written notice required in the endorsement that would have effected cancellation prior to September 14, 1977. Whether that was ever done is left in doubt in the record. Appellee does not point to any circumstance in the recording obviating the necessity of this notice to effect cancellation, and there is none.

To be entitled to a summary judgment, the movant has the burden of establishing that no material fact issue exists in the case and that he is entitled to judgment as a matter of law. *Town North Nat. Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978). All doubts as to the existence of a genuine issue of material fact are resolved against the movant. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex. 1972). Under those rules a fact issue exists in our case surrounding cancellation of the policy under the endorsement, preventing the rendition of summary judgment. Since this ruling requires reversal of the judgment, a discussion of appellants' remaining contentions is unnecessary.

Appellants' and Hutchins's cases are severed. The summary judgment against appellants is reversed, and their action is remanded generally for retrial.