**G.L. HARRIS, Appellant,**

v.

**ANNUITY BOARD OF the SOUTHERN BAPTIST CONVENTION, Appellee.**

**No. 13–83–205–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 9, 1984.

Rehearing Denied March 8, 1984.

Ralph W. Pulley, Jr., Pulley & Cole, Dallas, for appellant.

Bruce Collins, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a summary judgment rendered in a suit for recovery of a deficiency from the sale of real estate. We reverse the summary judgment and remand the case for a trial on the merits.

In late 1972 and early 1973, the appellant, G.L. Harris, assembled into one tract approximately 101 acres of land ("the property") by purchasing tracts from three separate sellers. Harris gave each seller a promissory note, secured by a deed of trust and a vendor's lien, as part of the purchase price. In late 1973, Harris sold the property to Harold Collum, Trustee, and took a note, secured by a second deed of trust and vendor's lien, as part of the purchase price. This was a non-recourse note, i.e., the purchasers were not personally liable. Using the note and deed of trust ("the chattel paper") given to him by Harold Collum, Trustee, as collateral, Harris requested a loan in the principal amount of $300,000 from appellee, Annuity Board of the Southern Baptist Convention ("Annuity Board"). The loan was granted to Harris Investments, Inc. with Harris signing as President. At the same time, Harris signed a Guaranty Agreement assuming personal liability. In early 1976, Harris was in financial difficulty because third parties were in default on their promissory notes to him. A series of negotiations began and cumulated in a letter agreement dated July 20, 1976. The property was reconveyed to Harris at a Deed of Trust Sale in November of 1976 when Harold Collum, Trustee, defaulted on the note. On June 20, 1977, Harris gave a deed to the other property to the Annuity Board. It is this deed which is the subject of the law suit. It appears in its entirety as an appendix to the opinion for reference.

## DEED

### THE STATE OF TEXAS)
### COUNTY OF TARRANT)

That G.L. Harris (herein called "Grantor"), for and in the consideration set forth herein, has GRANTED, SOLD AND CONVEYED, and by these presents does GRANT, SELL and CONVEY, unto Annuity Board of the Southern Baptist Convention, (herein called "Grantee"), any and all interest which Grantor has in that certain real property situated in Tarrant County, Texas, such real property being more particularly described on Exhibit "A", containing two pages, attached hereto and incorporated herein by this reference for all purposes.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto Grantee, its successors and assigns, forever; and subject to any and all restrictions, covenants, conditions, easements, reservations, roadways, right of ways, and other title matters referred to above, and to all zoning laws, regulations and ordinances of municipal and other governmental authorities, if any, but only to the extent that they are still in effect, relating to the herein described property, and subject further, to all indebtedness existing on said property or tracts as of the date of this transfer, Grantor does hereby bind himself, his heirs and assigns, to WARRANT AND FOREVER DEFEND all singular the said premises unto Grantor, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part hereof by, through or under Grantor, but not otherwise. This deed is made with full substitution and subrogation of Grantee in and to all covenants and warranties by others heretofore given or made with respect to the foregoing real property or any part thereof and said property is further taken and accepted by Grantee subject to all indebtedness thereon as of the date of this instrument.

## I

This Deed is given and accepted for and in the following consideration:

(1) The full and final satisfaction, discharge and release of all indebtedness, obligations and claims against or owing by Harris Investments, Inc., arising under that certain promissory note dated January 2, 1975, from Harris Investments, Inc. to Grantee; and,

(2) The full and final satisfaction, discharge and release of all indebtedness, obligations and claims against or owing by G.L. Harris, Grantor, arising under that certain promissory note dated January 2, 1975, from Harris Investments, Inc., to Grantee, or arising under a guaranty agreement executed by G.L. Harris to Grantee guaranteeing the aforementioned promissory notes; *provided, however, that such satisfaction, discharge and release of G.L. Harris under this provision number 2 shall take effect only upon Grantee selling this tract,* described in Exhibit "A" hereto and containing two pages, *for a consideration in excess of the amount presently owing on said promissory note dated January 2, 1975;* and provided, further, that upon acceptance of this Deed, constituting a cancellation and relinquishment of the debt of Harris Investments, Inc., by Grantee, no further interest shall accrue on the unpaid balance of the said promissory note dated January 2, 1975, and no portion of said note or interest shall be considered as due and owing unless and until the said property described in Exhibit "A" hereto and containing two pages, is sold by Grantee for a consideration lesser than the principal and interest owing as of the date of this transfer. *In the event that said property described in Exhibit "A" is sold for an amount less than the balance owing on the aforementioned promissory note, the said balance will be reduced by the amount received from said sale and only the excess amount shall be owing by Grantor.*

IN WITNESS WHEREOF, this Deed is executed by Grantor this _____ day of _____, 1977.

_____

G.L. HARRIS

(Acceptance and notary omitted).

(emphasis added)

The Annuity Board paid for the release of the first liens on the property and paid delinquent taxes, penalties and interest on the property. The total expended for these purposes was $440,817.46. Taxes on the property for the years 1977 through 1979 were also paid by the Annuity Board. On December 28, 1979, the property was sold to the Prudential Financial Corporation for $32,677.50 in cash and a note in the principal amount of $589,487.50, for a total sales price of $622,165.00. Harold Collum is a principal in Prudential Financial Corporation and was the same person who had earlier defaulted on the promissory note to Harris on this same land.

Harris' personal liability under the Guaranty Agreement when he conveyed the property to the Annuity Board in June of 1977 was $273,297.54. The Annuity Board took the $622,165 sales price, deducted the $440,817.46 expended as noted above for a net of $181,347.54. After taking this amount from the amount owed by Harris, the Annuity Board found a deficiency of $91,950. It is this amount which is under controversy in this suit because of the language in the deed.

Appellant urges by his first point of error that the trial court erred in granting the Annuity Board's Motion for Summary Judgment. The provision of the deed by Harris to the Board constitutes the focal point of this litigation. The deed (paragraph no. 2) provided for the release of the obligation of Harris Investments Inc., under the note dated January 2, 1975. The sole ground on which appellee, plaintiff below, urged on motion for summary judgment was that:

(a) The Deed, construed by the Court with the aid of accepted principles of contract construction in light of the circumstances surrounding the execution of the Deed, unambiguously provides that the Annuity Board is entitled to recover from G.L. Harris under the terms of the Guaranty Agreement the principal and accrued interest owing as of June 20, 1977 under the terms of the Promissory Note as modified by the July 20, 1976 letter agreement, ($273,297.54) less the net sum realized by the Annuity Board from the sale of the real property conveyed by the Deed ($181,347.54);

■ Deeds, like contracts, are to be interpreted by determining the intention of the parties to the instrument. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522 (Tex.1982); *Garrett v. Dils Co.,* 157 Tex. 92, 299 S.W.2d 904 (1957).

■ The movant in a summary judgment action has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus,* 569 S.W.2d 489 (Tex. 1978); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970); *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605 (Tex.Civ.App.— Corpus Christi 1980, no writ). All elements of a cause of action or defense must be conclusively proven as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). In a summary judgment, unlike an ordinary trial on the merits, the Court must view the evidence in favor of the non-moving party. In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d at 592–593.

■ The general contention that the grounds presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment is permitted. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d

at 678; *Longoria v. Texaco, Inc.*, 649 S.W.2d 332 (Tex.App.—Corpus Christi 1983, no writ). Considering the Deed in its entirety, we find that we can not give a certain or definite legal meaning or interpretation to the words "upon Grantee selling this tract ... for a consideration in excess of the amount presently owing on said promissory note dated January 2, 1975." This provision is susceptible of more than one reasonable meaning and is, therefore, ambiguous. *R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex.1980). A summary judgment cannot be granted when the contract upon which it is based is ambiguous. *R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.*, 596 S.W.2d at 519. Appellant's first point of error is sustained.

■ Appellant's second and third points of error assert that there are genuine issues of material fact regarding the intent of the parties and whether the language of the deed is ambiguous. These points are not raised in defendant's Answer to Motion for Summary Judgment and should not be considered. *City of Houston v. Clear Creek*, 589 S.W.2d at 679.

■ Appellant's fourth point of error is that there is a genuine issue of material fact regarding the fairness or reasonableness of the price at which the Annuity Board sold the land. While the defendant's Answer to Motion for Summary Judgment does point out the sales price and the disproportionate appraised value of the property, the issue of reasonableness was not actually raised before the trial court and will not be considered here. *City of Houston v. Clear Creek*, 589 S.W.2d at 679. Appellant raises these issues in his Amended Motion in Arrest of Judgment and for a New Trial. We find no authorization for the trial court to consider such a motion. Appellant's second, third and fourth points of error are overruled.

The judgment of the trial court is reversed and the cause is remanded for trial.