Affirmed and Substituted Memorandum Opinion filed October 21, 2004









Affirmed and Substituted Memorandum Opinion filed October 21,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00440-CV

_______________

 

SAMUEL T. ROSE, Appellant

 

V.

 



COMERICA
BANK‑TEXAS, Appellee

 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial
Court Cause No. 02‑23996

 



 

S U B S T I T U T E D  
M E M O R A N D U M   O P I N I O
N

 

In
this action to enforce a guaranty agreement, Samuel T. Rose appeals a summary
judgment in favor of Comerica Bank-Texas (the Abank@) on various grounds.  We affirm.

Background








In
1999, while Vice President and Chief Operating Officer of Micro Support
Unlimited, Inc.  (AMicro Support@), Rose negotiated a commercial line
of credit for Micro Support and personally executed a continuing and unlimited
guaranty (the Aguaranty@) of Micro Support=s existing and future indebtedness to
the bank.  When Micro Support later
defaulted on the debt, the bank made a demand on Rose for payment of the sum
then due, which Rose failed to pay.  The
bank filed this action against Rose on the guaranty and obtained a summary
judgment totaling $356,000 plus interest.

Standard of Review

A
traditional summary judgment may be granted if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or response. Tex. R.
Civ. P. 166a(c).  To rely on an
affirmative defense to oppose a summary judgment, a nonmovant must present
evidence sufficient to raise a fact issue on each element of the defense.  Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984).  In reviewing a summary
judgment, we take as true all evidence favoring the nonmovant and indulge every
reasonable inference, and resolve any doubts, in the nonmovant=s favor.  IHS Cedars Treatment Ctr. v. Mason, __
S.W.3d __, __ (Tex. 2004).

General Challenge

Rose=s first issue globally challenges the
summary judgment on the ground that the bank failed to show that there were no
fact issues and that it was entitled to judgment as a matter of law.  However, because this issue is not supported
by any specific basis on which the bank failed to sustain its burden of proof,
it presents nothing for our review and is overruled.

Fraud

Rose=s second issue challenges the summary
judgment against his counterclaim and affirmative defense of fraudulent
inducement on the ground that his summary judgment proof raised fact issues
whether the bank misrepresented, or failed to disclose, the true nature and
extent of the guaranty.  In particular,
Rose claims that the bank induced him into signing the guaranty by specifically
and falsely representing to him that his guarantee was for only $60,000, and
never requested or explained that it would guaranty the entire present and
future indebtedness of Micro Support.








The
bank moved for summary judgment against Rose=s fraud claim on the ground, among
others, that he was charged as a matter of law with knowledge of the guaranty=s express provisions making it a
continuing and unlimited guaranty and could not avoid those provisions with a
claim of fraud without showing some form of trickery.[1]  Because Rose=s summary judgment evidence does not
raise a fact issue concerning any such trickery, his third issue does not
demonstrate that the trial court erred in granting summary judgment on his
fraudulent inducement counterclaim or affirmative defense and is, accordingly,
overruled.

Special Relationship Claims

Rose=s third and fourth issues challenge
the summary judgment against his counterclaims and affirmative defenses
asserting constructive fraud and breach of the duty of good faith and fair
dealing.  Constructive fraud (breach of
fiduciary duty) and the duty of good faith and fair dealing can arise only in
special contractual or agency relationships between parties.  See In re Bass, 113 S.W.3d 735, 743
(Tex. 2003); Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84
S.W.3d 212, 225 (Tex. 2002).  The bank=s motion for summary judgment argued,
among other things, that the facts alleged by Rose did not constitute such a
special relationship as a matter of law.[2]








The
only facts asserted by these portions of Rose=s brief, and supported by his summary
judgment evidence to establish a special relationship, were that: (1) Rose and
the loan officer had known each other, and kept in contact, since high school;
(2) the loan officer stated in his deposition that he believed Rose trusted him
and that he trusted Rose; and (3) the bank had provided financial services and
advice to Rose and Micro Support for several months prior to the subject
loan.  However, Rose cites no authority
even remotely suggesting that such facts could give rise to the type of special
relationship required for constructive fraud or a duty of good faith and fair
dealing.  Accordingly, his third and
fourth issues afford no basis for relief and are overruled.

Deceptive Trade Practices

The
bank moved for summary judgment against Rose=s counterclaim and affirmative
defense based on violation of the Deceptive Trade Practices Act (ADTPA@)[3]
on the ground that he was not a Aconsumer@ because the loan and guarantee
transaction was not a purchase or lease of goods or services.[4]  Rose=s fifth issue challenges this part of
the summary judgment on the ground that he was a consumer because he was
seeking a service from the bank in the form of advice regarding how to secure a
loan for his employer, the borrower.

To
recover under the DTPA, a claimant must prove that he was a consumer of
purchased or leased goods or services that form the basis of his
complaint.  Ins. Co. of N. Am. v.
Morris, 981 S.W.2d 667, 676 (Tex. 1998). 
Because the lending of money is neither a good nor a service for this
purpose, a person who seeks only to borrow money is not a consumer under the
DTPA.  La Sara Grain Co. v. First Nat=l Bank, 673 S.W.2d 558, 566 (Tex.
1984).  However, if a borrower=s objective for a loan is the
purchase or lease of a good or service, then he is a consumer for purposes of
the DTPA, and the lender can be sued for a DTPA violation.  Id. at 566-67.  In this case, Rose offered no evidence that
he had any objective in making the loan other than to borrow money.  Accordingly, his fifth issue is without merit
and overruled.








Modification and Discharge

Rose=s sixth issue challenges the summary
judgment against his affirmative defense of discharge on the ground that the
guaranty executed by him was to secure only an interest-free note, and the bank=s subsequent substitution of a 10%
interest rate note was a material modification of the debt that discharged Rose=s guaranty obligation.  However, it is undisputed that, under the
plain language of the guaranty, Rose unconditionally guaranteed all present and
future indebtedness of Micro Support to the bank without limitation.  Rose has not provided legal authority or
reasoning to demonstrate that a change in the indebtedness underlying such a
guaranty (whether as to principal amount, interest rate, or other terms) can
amount to a material alteration of the guaranty, in that the guaranty is
already unlimited in scope and expressly contemplates the possibility of
varying amounts of indebtedness over time. 
Because Rose=s sixth issue thus fails to show that he raised a fact issue
on each element of this affirmative defense, it is overruled.

Defective Jurats

Rose=s final issue challenges the trial
court=s implicit overruling of his
objections to two of the bank=s summary judgment affidavits as containing only
acknowledgments and not jurats.  Rose
contends that these acknowledgments were inadequate to make the affidavits
effective because the acknowledgments did not state that the affidavits were Asubscribed to and sworn to@ the notary before whom they were
executed.








AAffidavit@ means a written statement of fact signed by the party making
it, sworn to before an officer authorized to administer oaths, and officially
certified to by the officer under his seal of office.  See Tex.
Gov=t Code Ann. ' 312.011(1) (Vernon 1998).  Ford Motor Co. v. Leggat, 904 S.W.2d
643, 645-46 (Tex.1995).  By contrast, an
acknowledgment merely recites that the instrument was executed in person before
the officer notarizing it (so as to verify the authenticity of execution), but
does not purport to certify that the signing party swore to the truth of the
matters set out therein.  See Tex. Civ. Prac. & Rem. Code Ann. ' 121.006(b)(1) (Vernon 1997);
Perkins v. Crittenden, 462 S.W.2d 565, 567 (Tex. 1970).  However, an affidavit containing only an
acknowledgment is nevertheless effective if it states that the signing party
appeared before the officer, was first duly sworn, and on his oath, stated what
follows.  Leggat, 904 S.W.2d at
645-46.

In
this case, although each of the challenged affidavits concludes with only an
acknowledgment by a notary, each begins, ABEFORE ME, the undersigned authority,
personally appeared . . . , who, after being by me duly sworn, upon [his/her]
oath stated as follows.@  Because the
affidavits thus unequivocally reflect that the witness not only signed the
affidavit, but also swore under oath to the truth of the matters stated, Rose=s challenge to the affidavits is
without merit.  Accordingly, his seventh
issue is overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Substituted Memorandum Opinion filed October 21, 2004.

Panel consists of
Justices Fowler, Edelman, and Smith.[5]

 

 











[1]           See
Town N. Nat=l Bank v. Broaddus, 569 S.W.2d 489, 494 (Tex. 1978) (holding that extrinsic evidence is
not admissible to show fraud in the inducement of a note unless there is a
further showing of trickery in addition to the payee representing that the
maker would not be liable on the note).





[2]           Rose
has not complained of being denied an opportunity to replead in this regard.





[3]           See
Tex. Bus. & Com. Code Ann. '' 17.41B.63 (Vernon 2002 & Supp. 2004-2005).





[4]           See
id. ' 17.45(4).





[5]           Retired
Justice Jackson B. Smith, Jr., sitting by assignment.